ORIGINAL ACTION JOURNAL ENTRY AND OPINION
{¶ 1} Relator, Paul S. Henderson, requests that this court compel respondent judge to rule on the motions for new trial and jail time credit which Henderson filed in State v. Henderson,
Cuyahoga County Court of Common Pleas Case No. CR-415587.
 {¶ 2} Respondent judge has filed a motion for summary judgment attached to which is a copy of the docket in Case No. CR-415587. A more recent review of the docket reflects that respondent issued journal entries which were received for filing by the clerk on both March 31, 2004 and April 12, 2004 in which respondent overruled the motion for new trial and granted the motion for jail time credit. Henderson has also filed a motion for summary judgment in which he requests that this court "order the trial court to give judgment on his motion for new trial." Respondent argues that Henderson is not entitled to relief in mandamus because respondent has performed the act requested by Henderson. We agree.
 {¶ 3} The complaint also manifests several defects.
{¶ 4} "* * * Additionally, relator `did not file an R.C.2969.25(A) affidavit describing each civil action or appeal of acivil action he had filed in the previous five years in any stateor federal court * * *.' State ex rel. Hunter v. Cuyahoga Cty.Court of Common Pleas (2000), 88 Ohio St.3d 176, 177,724 N.E.2d 420, 421. As a consequence, we deny relator's claim of indigencyand order him to pay costs. Id. at 420."
 {¶ 5} State ex rel. Bristow v. Sidoti (Dec. 1, 2000), Cuyahoga App. No. 78708, at 3-4. Likewise, in this action, Henderson has failed to support his complaint with the affidavit required by R.C. 2969.25(A), and we deny his claim of indigency and order him to pay costs. Additionally, "[t]he failure to comply with R.C. 2969.25 warrants dismissal of the complaint for a writ of mandamus. State ex rel. Zanders v. Ohio Parole Board
(1998), 82 Ohio St.3d 421, 696 N.E.2d 594 and State ex rel.Alford v. Winters (1997), 80 Ohio St.3d 285, 685 N.E.2d 1242."State ex rel. Hite v. State, Cuyahoga App. No. 79734, 2002-Ohio-807, at 6. Similarly, relator has failed to comply with Loc.App.R. 45(B)(1)(a) which requires that complaints in original actions be supported by an affidavit from the plaintiff or relator specifying the details of the claim. State ex rel.Hightower v. Russo, Cuyahoga App. No. 82321, 2003-Ohio-3679.
 {¶ 6} Henderson "also failed to include the address of the parties in the caption of the complaint as required by Civil Rule 10(A). This may also be grounds for dismissing the action.State ex rel. Sherrills v. State (2001), 91 Ohio St.3d 133,742 N.E.2d 651." State ex rel. Hall v. Calabrese (Aug. 16, 2001), Cuyahoga App. No. 79810, at 2.
 {¶ 7} Accordingly, respondent's motion for summary judgment is granted and relator's motion for summary judgment is denied. Relator to pay costs. The clerk is directed to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).
Writ denied.
Sweeney, P.J., concurs.
 Rocco, J., concurs.