[Cite as *State ex rel. Bandy v. Villanueva*, 2012-Ohio-2313.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 97609

---

## STATE OF OHIO, EX REL.,
## WILLIE BANDY

RELATOR

vs.

## JUDGE JOSE VILLANUEVA

RESPONDENT

---

## JUDGMENT:
## WRIT DENIED

---

Writ of Mandamus
Motion Nos. 450572, 450739, 450740,
451415, 452311, 452325, and 452326
Order No. 453594

**RELEASE DATE:** May 21, 2012

**FOR RELATOR**

Willie Bandy, pro se
Inmate No. 431-465
Grafton Correctional Institution
2500 South Avon Belden Road
Grafton, OH   44044

**ATTORNEYS FOR RESPONDENT**

William D. Mason
Cuyahoga County Prosecutor

By:   James E. Moss
Assistant County Prosecutor
Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio   44113

EILEEN A. GALLAGHER, J.:

{¶1}    Relator, Willie Bandy, is the defendant in *State v. Bandy*, Cuyahoga Cty. Court of Common Pleas Case No. CR-417888, which has been assigned to respondent judge.    Bandy was originally sentenced in 2002.    In 2008, Bandy appealed his sentencing entry issued in 2002.    This court denied his motion for delayed appeal as well as his motion for appointment of counsel and dismissed his appeal.    *State v. Bandy*, 8th Dist. No. 91322.    He complains that, despite the fact that he was indigent, the trial court did not appoint counsel to represent him on appeal.

{¶2}   On September 7, 2011, Bandy filed a motion with this court for appointment of counsel.    He requests that this court issue a writ of mandamus compelling respondent to appoint counsel for appeal.

{¶3}    Respondent has filed a motion for summary judgment attached to which is a copy of the journal entry received for filing on December 19, 2011 denying Bandy's motion for appointment of counsel filed September 7, 2011.    To the extent that Bandy requests that this court compel respondent to rule on the motion to appoint counsel, this action is moot.

{¶4}    Bandy also requests, however, that this court order respondent to grant the motion for appointment of counsel.    Bandy has not provided this court with any controlling authority requiring respondent to grant his motion to appoint appellate counsel at this time.    "Moreover, although mandamus may require a court to exercise its

judgment or proceed to discharge its functions, it may not control judicial discretion, even if such discretion is grossly abused. * * * Similarly, appointing counsel * * * [is] within the discretion of the trial judge, and mandamus may not control such discretion." *State ex rel. Washington v. McDonnell,* 8th Dist. No. 73173, 1997 WL 793120 *2 (Dec. 24, 1997).

{¶5}    Accordingly, respondent's motion for summary judgment is granted. Relator to pay costs. The clerk is directed to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).

Writ denied.


EILEEN A. GALLAGHER, JUDGE

MELODY J STEWART, P.J., and
JAMES J. SWEENEY, J.