[Cite as *State ex rel. Fillinger v. McCormick*, 2012-Ohio-3469.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 98191**

# STATE OF OHIO, EX REL.
# JUDY FILLINGER

RELATOR

vs.

# JUDGE TIMOTHY McCORMICK, ET AL.

RESPONDENTS

# JUDGMENT:
# WRIT DENIED

Writ of Procedendo
Motion No.   454610
Order No. 456992

**RELEASE DATE:**   July 27, 2012

**ATTORNEY FOR RELATOR**

John Wood, Esq.
281 Corning Drive
Bratenahl, Ohio 44108

**ATTORNEYS FOR RESPONDENTS**

William D. Mason
Cuyahoga County Prosecutor

By: Charles E. Hannan, Jr.
Assistant County Prosecutor
8th Floor Justice Center
1200 Ontario Street
Cleveland, Ohio    44113

COLLEEN CONWAY COONEY, J.:

**{¶1}** On April 9, 2012, the relator, Judy Fillinger, commenced this procedendo action against the respondents, Judge Timothy McCormick and Magistrate Kevin Augustyn. The relator seeks to compel the respondents (1) to issue findings of fact and conclusions of law to the magistrate's decision, (2) to rule on each of the objections made to the magistrate's decision, and (3) to issue a final, appealable order in the underlying case, *Morgan Stanley Credit Corp. Cent. v. Fillinger*, Cuyahoga C.P. No. CV-736882, a foreclosure action. On April 27, 2012, the respondents moved for summary judgment, and Fillinger filed her brief in opposition on May 14, 2012. For the following reasons, this court grants the motion for summary judgment and denies the application for a writ of procedendo.

## Procedural and Factual Background

**{¶2}** Morgan Stanley Credit Corporation (hereinafter "Morgan Stanley") commenced the underlying case in September 2009. Judge McCormick was assigned to the case, and he referred the case to Magistrate Augustyn to try issues of law and fact arising from the case. Nevertheless, when both Morgan Stanley and Fillinger filed motions for summary judgment in October 2011, Judge McCormick ruled on those motions. On January 4, 2012, he denied Fillinger's summary judgment motion and

granted Morgan Stanley's dispositive motion. These orders only stated the rulings on the summary judgment motions. They did not specify any relief or award. Thus, the judge further ordered: "Pursuant to Cuyahoga County Local Rule 24, the plaintiff is ordered to file and submit to the magistrate a proposed magistrate's decision granting a decree of foreclosure." (1-4-12 journal entry.)

{¶3} On January 9, 2012, Morgan Stanley filed a proposed magistrate's decision, and on January 10, 2012, the magistrate issued a six-page decision. The next day, pursuant to Civ.R. 53(D)(3), Fillinger requested findings of fact and conclusions of law on the magistrate's decision.[1] Fillinger also filed a notice of appeal on January 11, 2012, to appeal the judge's rulings on the motions for summary judgment and the magistrate's decision. *Morgan Stanley Credit Corp. v. Fillinger,* 8th Dist. No. 97824.

{¶4} On January 18, 2012, Judge McCormick denied Fillinger's request for findings of fact and conclusions of law. He reasoned that because the judge, and not the magistrate, ruled on the summary judgment motions, the procedures pursuant to Civ.R. 53 were not invoked and were not applicable and because findings of fact and conclusions of law are not required when resolving summary judgment motions pursuant to Civ.R. 52 and 56.

{¶5} On February 24, 2012, this court dismissed the appeal, Appeal No. 97824, for lack of jurisdiction because there was no final, appealable order. This court noted

---

[1]Fillinger filed a counterclaim and various third-party complaints; these included claims for forgery. A review of the docket in the underlying case and the materials submitted indicate that the trial court resolved all of those claims.

that the orders resolving the motions for summary judgment contemplated further action, specifically the magistrate's decision. A judgment that leaves issues unresolved and contemplates further action is not a final, appealable order.

{¶6} On March 1, 2012, Fillinger renewed her request for findings of fact and conclusions of law. On March 12, 2012, the judge again denied the request. He noted that findings of fact and conclusions of law are not necessary on a ruling on a motion for summary judgment and that the magistrate made all of the necessary findings and conclusions in the decision.

{¶7} On the same day, the judge also issued a judgment entry adopting the magistrate's decision. In this order, he reiterated that the court had granted Morgan Stanley's motion for summary judgment and denied Fillinger's motion. The judge granted Morgan Stanley a judgment in rem of $87,734.91 plus interest. He noted that there could be no personal judgment against Fillinger because she had received a discharge in bankruptcy. He then ordered foreclosure and marshalling of liens. He also ordered that a scrivener's error in the mortgage be corrected and specified no just reason for delay.

{¶8} On March 21, 2012, Fillinger filed objections to the magistrate's decision, which the judge denied on April 4, 2012, because they were untimely from the initial entry of the magistrate's decision on January 10, 2012. Fillinger then commenced this procedendo action, and filed a notice of appeal on April 10, 2012, *Morgan Stanley Credit Corp. v. Fillinger*, 8th Dist. No. 98197.

Legal Analysis

{¶9} The gravamen of Fillinger's complaint for procedendo is a determination from this court as to whether the procedures in Civ.R. 53 are applicable to the matter sub judice. As she states on page four of her response to the motion for summary judgment, "At issue here is how one preserves appeal where the trial court, instead of proceeding wholly by Rule 56 or wholly by Rule 53, adopts a hybrid procedure." She argues that by ordering a magistrate's decision granting a decree of foreclosure, the respondent judge may have necessarily invoked all of the procedures attendant to Civ.R. 53, even if he had granted summary judgment pursuant to Civ.R. 56. Thus, she had the right to findings of fact and conclusions of law, which would trigger the proper time for filing necessary objections to the magistrate's decision. The failure to file such objections could have preclusive effects on the pending appeal. Civ.R. 53(D)(3)(b)(iv). Indeed, Fillinger concludes her response by stating: "Respondents' actions are only complained of insofar as they prevent appeal." (5-14-12 Relator's response, pg. 7.) She submits that issuance of a writ of procedendo would be a "reasonable remedy." (5-14-12 Relator's response, pg. 6.)

{¶10} However, the writ of procedendo is not to provide advisory opinions or declaratory judgments. The writ of procedendo is merely an order from a court of superior jurisdiction to one of inferior jurisdiction to proceed to judgment. *Yee v. Erie Cty. Sheriff's Dept.,* 51 Ohio St.3d 43, 553 N.E.2d 1354 (1990). Procedendo is appropriate when a court has either refused to render a judgment or has unnecessarily

delayed proceeding to judgment. *State ex rel. Watkins v. Eighth Dist. Court of Appeals*, 82 Ohio St.3d 532, 1998-Ohio-190, 696 N.E.2d 1079. However, the writ will not issue to control what the judgment should be, nor will it issue for the purpose of controlling or interfering with ordinary court procedure. Thus, procedendo will not lie to control the exercise of judicial discretion. Moreover, it will not issue if the petitioner has or had an adequate remedy at law. *State ex rel. Utley v. Abruzzo*, 17 Ohio St.3d 203, 478 N.E.2d 789 (1985); *State ex rel. Hansen v. Reed*, 63 Ohio St.3d 597, 589 N.E.2d 1324 (1992).

{¶11} In the present case, the trial court proceeded to judgment. It ruled that findings of fact and conclusions of law were not required because the trial court had determined the case on motions for summary judgment. It denied the objections on the grounds that they were untimely. It issued a final judgment repeating its rulings on the motions for summary judgment, correcting a clerical error in the mortgage, ordering foreclosure, and specifying no just reason for delay. Indeed, Fillinger does not argue in her response to the respondents' motion for summary judgment that the March 12, 2012 judgment entry adopting the magistrate's decision is not a final order; she concedes that claim. She really wants a determination whether the respondents had the obligation to follow the procedures in Civ.R. 53. Because the trial court had proceeded to judgment on the matters presented, this court denies the application for a writ of procedendo and does not address whether the respondents should have followed the procedures in Civ.R. 53.

{¶12} Additionally, the relator failed to support her complaint with an affidavit "specifying the details of the claim" as required by Loc.App.R. 45(B)(1)(a). *State ex rel. Leon v. Cuyahoga Cty. Court of Common Pleas*, 123 Ohio St.3d 124, 2009-Ohio-4688, 914 N.E.2d 402; *State ex rel. Wilson v. Calabrese*, 8th Dist. No. 70077, 1996 Ohio App. LEXIS 6213 (Jan. 18, 1996); and *State ex rel. Smith v. McMonagle*, 8th Dist. No. 70899 (July 17, 1996). In *Leon*, the Supreme Court of Ohio upheld this court's ruling that merely stating in an affidavit that the complaint was true and correct was insufficient to comply with the local rule.

{¶13} Accordingly, this court grants the respondents' motion for summary judgment and denies the application for a writ of procedendo. Relator to pay costs. This court directs the clerk of court to serve all parties notice of this judgment and its date of entry upon the journal as required by Civ.R. 58(B).

Writ denied.

_____
COLLEEN CONWAY COONEY, JUDGE

JAMES J. SWEENEY, P.J., and
EILEEN A. GALLAGHER, J., CONCUR