[Cite as *State ex rel. Gray v. McDonnell*, 2013-Ohio-1805.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 99217**

## STATE OF OHIO EX REL., RICARDO GRAY

RELATOR

vs.

## JUDGE NANCY R. MCDONNELL

RESPONDENT

**JUDGMENT:**
WRIT DENIED

Writ of Procedendo
Motion No. 460917
Order No. 464284

**RELEASE DATE:** May 1, 2013

**FOR RELATOR**

Ricardo Gray, pro se
Richland Correctional Institution
P.O. Box 8107
1001 Olivesburg Road
Mansfield, Ohio 44901

**ATTORNEYS FOR RESPONDENT**

Timothy J. McGinty
Cuyahoga County Prosecutor
James E. Moss
Assistant County Prosecutor
The Justice Center - 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

MARY EILEEN KILBANE, J.:

{¶1} On November 27, 2012, the relator, Ricardo Gray, commenced this procedendo action against the respondent, Judge Nancy McDonnell, to compel the judge to issue a final, appealable order that included a proper imposition of postrelease control in the underlying case, *State v. Gray*, Cuyahoga C.P. No. CR-369837. On December 13, 2012, the respondent judge, through the Cuyahoga County prosecutor, moved for summary judgment, inter alia, on the grounds of mootness. Attached to the dispositive motion was a certified copy of a December 5, 2012 journal entry that ordered Gray returned to the court for a hearing. Gray did not respond to this motion. For the following reasons, this court grants the motion for summary judgment and denies the application for a writ of procedendo.

{¶2} In early 1999, a jury convicted Gray of murder and felonious assault, both with a three-year firearm specification. The judge sentenced Gray to 3 years on the merged firearm specifications, 5 years for felonious assault, and 15 years to life for murder, for a total of 23 years to life. The sentencing entry also included the following language: "The sentence includes any extensions provided by law." Gray appealed, and this court affirmed. *State v. Gray*, 8th Dist. No. 76170, 2000 Ohio App. LEXIS 3371 (July 27, 2000). However, this court granted an App.R. 26(B) application to reopen and remanded the case for resentencing for the trial judge to consider the statutory criteria for imposing consecutive sentences. *State v. Gray*, 8th Dist. No. 76170, 2001 Ohio App. LEXIS 4234 (Sept. 17, 2001). The trial judge imposed the same sentence,

but the journal entry contained no reference to postrelease control. Gray appealed again, and once again this court remanded for a full hearing for sentencing. *State v. Gray*, 8th Dist. No. 81474, 2003-Ohio-436. In November 2003, the trial court conducted a full sentencing hearing and reimposed the same sentence. Again, there was no reference in the sentencing entry to postrelease control. Over the subsequent years, Gray filed motions for a new trial, postconviction relief petitions, and appeals. In November 2012, he commenced this procedendo action to compel a final, appealable order with a proper imposition of postrelease control.

{¶3} The writ of procedendo is merely an order from a court of superior jurisdiction to one of inferior jurisdiction to proceed to judgment. *Yee v. Erie Cty. Sheriff's Dept.*, 51 Ohio St.3d 43, 553 N.E.2d 1354 (1990). Procedendo is appropriate when a court has either refused to render a judgment or has unnecessarily delayed proceeding to judgment. *State ex rel. Watkins v. Eighth Dist. Court of Appeals*, 82 Ohio St.3d 532, 1998-Ohio-190, 696 N.E.2d 1079. However, the writ will not issue to control what the judgment should be, nor will it issue for the purpose of controlling or interfering with ordinary court procedure. Thus, procedendo will not lie to control the exercise of judicial discretion. Moreover, it will not issue if the petitioner has or had an adequate remedy at law. *State ex rel. Utley v. Abruzzo*, 17 Ohio St.3d 203, 478 N.E.2d 789 (1985); *State ex rel. Hansen v. Reed*, 63 Ohio St.3d 597, 589 N.E.2d 1324 (1992); and *Howard v. Cuyahoga Cty. Probate Court*, 8th Dist. No. 84702, 2004-Ohio-4621 (petitioner failed to use an adequate remedy at law).

{¶4} In the present case, procedendo will not issue because Gray had an adequate remedy at law. The Supreme Court of Ohio has ruled that if a sentencing entry includes language that postrelease control is part of the sentence so as to afford him sufficient notice to raise any claimed errors, then appeal, rather than extraordinary writ, is the proper remedy. *State ex rel. Pruitt v. Cuyahoga Cty. Court of Common Pleas,* 125 Ohio St.3d 402, 2010-Ohio-1808, 928 N.E.2d 722, and *State ex rel. Tucker v. Forchione*, 128 Ohio St.3d 298, 2010-Ohio-6291, 943 N.E.2d 1006. In *State ex rel. Gregley v. Friedman*, 8th Dist. No. 96255, 2011-Ohio-2293, this court held that the language in a 1998 sentencing entry that the "[s]entence includes any extension provided by law" gave sufficient notice of postrelease control under *Tucker* that appeal, rather than a writ of procedendo, was the appropriate remedy to pursue. Thus, Gray's reliance on *State ex rel. Carnail v. McCormick*, 126 Ohio St.3d 124, 2010-Ohio-2671, 931 N.E.2d 110, is misplaced. In *Carnail*, the was no reference at all to postrelease control.

{¶5} Moreover, the issue of postrelease control is moot. In *State v. Simpkins*, 117 Ohio St.3d 420, 2008-Ohio-1197, 884 N.E.2d 568, and *State v. Bezak*, 114 Ohio St.3d 94, 2007-Ohio-3250, 868 N.E.2d 961, the Supreme Court of Ohio held that once a sentence has been served, the court can no longer correct sentencing errors and impose postrelease control. This court has further held that it is the expiration of the individual terms, not the expiration of the overall sentence that precludes a trial court from correcting errors in postrelease control sentencing. *State v. Dresser*, 8th Dist. No. 92105, 2009-Ohio-2888; *State v. Cobb*, 8th Dist. No. 93404, 2010-Ohio-5118; and *State*

*v. Brown*, 8th Dist. No. 95086, 2011-Ohio-345.

{¶6} In the present case in 1999, the trial court sentenced Gray first to 3 years for the firearm specification, consecutive to 5 years for felonious assault, then consecutive to 15 years to life for murder. The sentences are to be served in that order. Ohio Adm. Code 5120-2-03.1. Thus, Gray finished serving his sentence for felonious assault, the only crime for which postrelease control can be imposed, in 2007. Therefore, the issue of postrelease control is moot; any errors cannot now be corrected.

{¶7} Accordingly, this court grants the respondent judge's motion for summary judgment and denies the application for a writ of procedendo. Relator to pay costs. This court directs the clerk of court to serve all parties notice of this judgment and its date of entry upon the journal as required by Civ.R. 58(B).

{¶8} Writ denied.

_____
MARY EILEEN KILBANE, JUDGE

FRANK D. CELEBREZZE, JR., P.J., and
KATHLEEN ANN KEOUGH, J., CONCUR