[Cite as *State v. Naegele*, 2013-Ohio-2861.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| | | CASE NO. CA2013-01-004 |
| Plaintiff-Appellee, | : | |
| | | O P I N I O N |
| | : | 7/1/2013 |
| - vs - | | |
| | : | |
| JAMIE LEE NAEGELE, | : | |
| | | |
| Defendant-Appellant. | : | |


CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CR2003-07-1071


Michael T. Gmoser, Butler County Prosecuting Attorney, Lina N. Alkamhawi, Government Services Center, 315 High Street, 11th Floor, Hamilton, Ohio 45011, for plaintiff-appellee

Jamie Lee Naegele, #A457454, Marion Correctional Institution, P.O. Box 57, Marion, Ohio 43302, defendant-appellant, pro se


**S. POWELL, J.**

{¶ 1} Defendant-appellant, Jamie Lee Naegele, appeals pro se from the Butler County Court of Common Pleas decision denying his motion to vacate his sentence and release him from any postrelease control obligations. For the reasons outlined below, we dismiss this appeal as moot.

{¶ 2} In 2003, appellant, who was 30 years old at that time, pled guilty to one count of

unlawful sexual conduct with a minor, a fourth-degree felony, and contributing to the delinquency of a child, a first-degree misdemeanor, after it was discovered he was having a sexual relationship with a 14-year-old girl. These offenses occurred after he had absconded while on parole following his 1991 conviction for rape and kidnapping for which he was sentenced to serve an indefinite prison term of 8 to 25 years. As a result of his guilty plea, appellant was sentenced to serve a total of 17 months in prison. Appellant's parole was also later revoked resulting from his 1991 rape and kidnapping convictions.

{¶ 3} Appellant did not appeal from his 2003 conviction or sentence. Rather, on June 1, 2012 and again on December 12, 2012, some eight and one-half years later, appellant filed two separate motions to vacate his sentence and release him from any postrelease control obligations. Appellant also filed a motion for summary judgment requesting the same on August 22, 2012. On December 19, 2012, the trial court issued a decision overruling all of appellant's motions finding them to be untimely petitions for postconviction relief. In addition, the trial court specifically determined that according to the Ohio Department of Rehabilitation and Correction, appellant is "presently in prison on the Rape and Kidnaping conviction and subsequent parole violations." Appellant's expected release date is May 31, 2017.

{¶ 4} Appellant now appeals from the trial court's decision dismissing his respective motions, raising two assignments of error for review. For ease of discussion, appellant's two assignments of error will be addressed together.

{¶ 5} Assignment of Error No. 1:

{¶ 6} TRIAL COURT FAILED TO PROPERLY IMPOSE POST-RELEASE CONTROL PURSUANT TO OHIO REVISED CODE 2967.28.

{¶ 7} Assignment of Error No. 2:

{¶ 8} TRIAL COURT ERRED BY NOT INCLUDING THE MEANS OF CONVICTION INTO THE SENTENCING JOURNAL.

{¶ 9} In his two assignments of error, although not particularly clear, appellant essentially argues that the trial court failed to properly impose mandatory postrelease control following his 2003 guilty plea. However, even if we were to find merit with appellant's claim, we find any issues regarding the imposition of postrelease control are now rendered moot.

{¶ 10} In *State v. Simpkins*, 117 Ohio St.3d 420, 2008-Ohio-1197, and *State v. Bezak*, 114 Ohio St.3d 94, 2007-Ohio-3250, the Ohio Supreme Court explicitly held that once a sentence has been served, the court can no longer correct sentencing errors and impose postrelease control.

{¶ 11} In this case, following his 2003 guilty plea, appellant was sentenced to serve a total of 17 months in prison. However, according to the Ohio Department of Rehabilitation and Correction, appellant is currently in prison serving time solely based on the rape and kidnapping convictions and subsequent parole violations. In turn, based on the record before this court, appellant has already completed the 17-month prison sentence and postrelease control obligations imposed upon him following his 2003 guilty plea. This is particularly true considering appellant's request to vacate his sentence and release him from any postrelease control obligations was filed over eight years after the sentence was imposed.

{¶ 12} Therefore, based on the record before this court, even if we were to conclude that there was error in the imposition of his sentence, we cannot provide appellant with any meaningful relief, since the record indicates that he has already completed his 17-month sentence resulting from his 2003 guilty plea. *See, e.g., State ex rel. Gray v. McDonnell*, 8th Dist. No. 99217, 2013-Ohio-1805, ¶ 6; *State v. Richmond*, 2d Dist. No. 2011-CA-25, 2012-Ohio-842, ¶ 16. "This court cannot grant relief to an appellant who has served his sentence if the underlying conviction is not at issue." *State v. Johnson*, 11th Dist. No. 2005-L-208, 2007-Ohio-780, ¶ 7. Accordingly, because there is no live controversy before this court, the appeal is dismissed as moot.

{¶ **13**}  Appeal dismissed.

HENDRICKSON, P.J., and M. POWELL, J., concur.