[Cite as *Henderson v. Saffold*, 2014-Ohio-306.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 100406**

# PAUL S. HENDERSON, PATRICIA L. CASEY

RELATORS

vs.

# JUDGE SHIRLEY S. SAFFOLD

RESPONDENT

## JUDGMENT:
WRIT DENIED

Writ of Procedendo
Motion No. 469069
Order No. 471303

**RELEASE DATE:**   January 27, 2014

**FOR RELATORS**

Paul S. Henderson, pro se
Inmate No. 573-468
940 Marion-Williamsport Rd.
Marion Correctional Institution
Marion, Ohio 43302-0057

Patricia L. Casey, pro se
15409 Euclid Ave., #405
East Cleveland, Ohio    44112

**ATTORNEYS FOR RESPONDENT**

William D. Mason
Cuyahoga County Prosecutor

By:     James E. Moss
Assistant County Prosecutor
8th Floor Justice Center
1200 Ontario Street
Cleveland, Ohio    44113

EILEEN A. GALLAGHER, J.:

{¶1} Paul S. Henderson has filed a complaint for a writ of procedendo.[1] Henderson's request for a writ of procedendo is premised upon twelve separate arguments. Although not specifically argued by Henderson, a review of Henderson's complaint reveals that he is also seeks a writ of mandamus. For the following reasons, we decline to issue a writ of procedendo or a writ of mandamus on behalf of Henderson.

{¶2} Initially, we find that Henderson's complaint is procedurally defective. *Henderson* has failed to comply with Loc.App.R. 45(B)(1)(a), which mandates that a complaint for an original action must be supported by a sworn affidavit that specifies the details of the claim for relief. *State ex rel. Leon v. Cuyahoga Cty. Court of Common Pleas*, 8th Dist. Cuyahoga No. 92826, 2009-Ohio-1612; *State ex rel. Santos v. McDonnell*, 8th Dist. Cuyahoga No. 90659, 2008-Ohio-214; *Turner v. Russo*, 8th Dist. Cuyahoga No. 87852, 2006-Ohio-4490; *Barry v. Galvin*, 8th Dist. Cuyahoga No. 85990, 2005-Ohio-2324.

---

[1]The complaint names both Paul S. Henderson and Patricia L. Casey as relators. Casey, however, did not sign the complaint for a writ of procedendo. Pursuant to R.C. 4705.01, Henderson is prohibited from commencing a writ of procedendo on behalf of Casey unless he has been admitted to the practice of law by the Supreme Court of Ohio. In fact, this is Henderson's second attempt to file an original action on behalf of Casey. In *State v. Henderson*, 8th Dist. Cuyahoga No. 97042, 2011-Ohio-5679, this court found that Henderson was engaged in the unauthorized practice of law because Casey did not sign the complaint for a writ of mandamus. Accordingly, we dismiss Casey from this original action. *Traywick v. Fuerst*, 8th Dist. Cuyahoga No. 96357, 2011-Ohio-947.

{¶3} In addition, Henderson has failed to comply with R.C. 2969.25(A), which requires the attachment of an affidavit to the complaint for a writ of mandamus/procedendo that describes each civil action or appeal filed within the previous five years in any state or federal court. *State ex rel. Zanders v. Ohio Parole Bd.*, 82 Ohio St.3d 421, 1998-Ohio-218, 696 N.E.2d 594; *State ex rel. Alford v. Winters*, 80 Ohio St.3d 285, 1997-Ohio-117, 685 N.E.2d 1242.

{¶4} Henderson has also failed to comply with R.C. 2969.25(C), which mandates that an inmate who files a complaint against a government entity or government employee must support the complaint with a statement that: (1) sets forth the balance in the inmate's account for the preceding six months, as certified by the institutional cashier; and (2) a statement that sets forth all other cash and items of value as owned by the inmate. The failure of Henderson to comply with R.C. 2969.25(C) warrants dismissal of his complaint for a writ of mandamus. *Martin v. Woods*, 121 Ohio St.3d 609, 2009-Ohio-1928, 906 N.E.2d 1113.

{¶5} A writ of procedendo is proper only when a court has refused to enter judgment or has unnecessarily delayed proceeding to judgment. *State ex rel. Crandall, Pheils & Wisniewski v. DeCessna*, 73 Ohio St.3d 180, 1995-Ohio-98, 652 N.E.2d 742. To be entitled to a writ of procedendo, Henderson must demonstrate: (1) a clear legal right to require Judge Saffold to proceed to judgment; (2) Judge Saffold possesses a clear legal duty to proceed to judgment; and (3) there exists no adequate remedy in the

ordinary course of the law. *State ex rel. Sherrills v. Cuyahoga Cty. Court of Common Pleas*, 72 Ohio St.3d 461, 1995-Ohio-26, 650 N.E.2d 899.

{¶6} The standards for issuing a writ of mandamus are similar. In order to be entitled to a writ of mandamus, Henderson must show that: (1) Henderson possesses a clear legal right to the relief prayed; (2) Judge Saffold possesses a clear legal duty to provide the requested relief; and (3) there exists no other adequate remedy in the ordinary course of the law. *State ex rel. Kuczak v. Saffold*, 67 Ohio St.3d 123, 616 N.E.2d 230 (1993).

{¶7} Henderson, through his first argument in support of complaint for a writ of procedendo/mandamus, posits that the trial court possessed a duty to serve him with a judgment as mandated by Civ.R. 58(B). However, Civ.R. 58(B) is not applicable to a criminal action or judgment. *State ex rel. Aziz v. Fuerst*, 8th Dist. Cuyahoga No. 78018, 2000 Ohio App. LEXIS 3833 (Aug. 24, 2000).

{¶8} Henderson, through his second argument in support of his complaint for a writ of procedendo/mandamus, posits that the Cuyahoga County Clerk of Courts interfered with his civil rights under R.C. 2921.45 and also failed to serve him with a judgment as mandated by Civ.R. 58(B). The Cuyahoga County Clerk of Courts was not named as a party by Henderson and thus no claim has been raised through the second argument. Moreover, the clerk possesses no duty to serve Henderson with a copy of a journal entry entered in a criminal action. *State ex rel. Daniels*, 8th Dist. Cuyahoga No. 72192, 1997 Ohio App. LEXIS 2360 (May 29, 1997).

{¶9} Henderson, through his third argument in support of his complaint for a writ of procedendo/mandamus, posits that he possesses a legal right to be physically present at all proceedings pursuant to Crim.R. 43. Henderson has failed to establish at which proceedings he was prohibited from being physically present. Thus, Henderson has failed to establish the right to be present at a specific proceeding and has failed to establish the duty that requires Judge Saffold to allow Henderson to be phsyically present at a specific proceeding. *State ex rel. Natl. Broadcasting Co. v. Cleveland*, 38 Ohio St.3d 79, 526 N.E.2d 786 (1988). In addition, Henderson possesses or possessed an adequate remedy at law through an appeal. R.C. 2731.05; *State ex rel. Casey Outdoor Advertising, Inc. v. Ohio Dept. of Transp.*, 61 Ohio St.3d 429, 575 N.E.2d 181.

{¶10} Henderson, through his fourth argument in support of complaint for a writ of procedendo/mandamus, posits that the trial court failed to properly advise him of postrelease control when sentenced in *State v. Henderson*, Cuyahoga C.P. Nos. CR-520709 and CR-530899. Any errors associated with the imposition of postrelease control cannot be raised through an original action and must be addressed through a direct appeal. *State ex rel. Pruitt v. Cuyahoga Cty. Court of Common Pleas*, 125 Ohio St.3d 402, 2010-Ohio-1808, 928 N.E.2d 722; *Patterson v. Ohio Adult Parole Auth.*, 120 Ohio St.3d 311, 2008-Ohio-6147, 898 N.E.2d 950.

{¶11} Henderson, through his fifth argument in support of complaint for a writ of procedendo/mandamus, posits that the indictments issued in Case Nos. CR-520709 and CR-530899 were defective. A claim of a defective indictment cannot be raised in an

original action. *State ex rel. Bandarapalli v. Gallagher*, 128 Ohio St.3d 314, 2011-Ohio-230, 943 N.E.2d 1020. In addition, Henderson possessed an adequate remedy at law through a direct appeal after conviction and sentence. *Natl. Broadcasting Co., Inc., supra*; *State ex rel. Sherrills v. Cuyahoga Cty. Court of Common Pleas*, *supra*.

{¶12} Henderson, through his sixth argument in support of the complaint for a writ of procedendo/mandamus, posits that the trial court employed a sham legal process and corrupt activity in rendering judgments in Case Nos. CR-520709 and CR-530899. Henderson has failed to establish what specific duty has been violated by Judge Saffold. In addition, the claims of a sham legal process and corrupt activity could have been raised on direct appeal. *State ex rel. Gray v. McDonnell*, 8th Dist. Cuyahoga No. 99217, 2013-Ohio-1805.

{¶13} Henderson, through his seventh argument in support of complaint for a writ of procedendo/mandamus, posits that law enforcement officers arrested him in violation of R.C. 2935.09 and R.C. 2935.10 by failing to file valid affidavits or criminal complaints. Henderson fails to establish what right or duty has been violated that mandates a writ of mandamus. In addition, the argument of an improper affidavit or complaint should have been raised on direct appeal. *Gray*, *supra*.

{¶14} Henderson, through his eighth argument in support of complaint for a writ of procedendo/mandamus, posits that law enforcement officials made a controlled delivery in violation of his Fourth Amendment rights. Henderson has failed to establish what right or duty has been violated that mandates a writ of mandamus. In addition, the

argument of a violation of Fourth Amendment rights should have been raised on direct appeal. *Gray, supra.*

{¶15}    Henderson, through his ninth argument in support of complaint for a writ of procedendo/mandamus, posits that the indictments in Case Nos. CR-520709 and CR-530899 were not properly filed pursuant to R.C. 2939.22.  A defective indictment may not be challenged through an original action.  *State ex re. Bandarapalli v. Gallagher*, *supra.*

{¶16}    Henderson, through his tenth argument in support of complaint for a writ of procedendo/mandamus, posits that he is entitled to a declaratory judgment that the conviction in Case Nos. CR-520709 and CR-530899 are void.  Neither procedendo nor mandamus may be employed to seek a declaratory judgment from this court through an original action.  *State ex re. Fillinger v. McCormick*, 8th Dist. Cuyahoga  No. 98191, 2012-Ohio-3469.

{¶17}    Henderson, through his eleventh argument in support of the complaint for a writ of procedendo/mandamus, posits that he is entitled to appointed appellate counsel. Henderson fails to establish with specificity for what purpose appellate counsel should be appointed.   In addition, the appointment of appellate counsel is within the sound discretion of Judge Saffold and cannot be controlled through an original action.  *State ex rel. Bandy v. Villanueva*, 8th Dist. Cuyahoga No. 97609, 2012-Ohio-2313; *State ex rel. Washington v. McDonnell*, 8th Dist. Cuyahoga No. 73173, 1997 Ohio App. LEXIS 5801 (Dec. 24, 1997).

**{¶18}** Henderson, through his twelfth argument in support of the complaint for a writ of procedendo/mandamus, posits that Judge Saffold has failed to rule on various motions that were filed on or after April 17, 2013 in Case Nos. CR-520709 and CR-530899. Attached to Judge Saffold's motion for summary judgment are copies of judgments, journalized October 11, 2013, that demonstrate all outstanding motions have been ruled upon. Thus, Henderson's request for a writ of procedendo is moot. *State ex rel. Jerninghan v. Cuyahoga Cty. Court of Common Pleas*, 74 Ohio St.3d 278, 1996-Ohio-117, 658 N.E.2d 723; *State ex rel. Gantt v. Coleman*, 6 Ohio St.3d 5, 450 N.E.2d 1163 (1983).

**{¶19}** Finally, the conduct of Henderson, through the continued filing of appeals and original actions, may result in Henderson being declared a vexatious litigator. Pursuant to Loc.App.R. 23(A), an appeal or original action shall be considered frivolous if it is not reasonably grounded in fact or warranted by existing law. Loc.App.R. 23(B) further provides that a party that habitually, persistently, and without reasonable cause engages in frivolous conduct, may be declared a vexatious litigator subject to filing restrictions. Henderson has continually taxed the limited resources of this court through the filing of ten appeals and eighteen original actions since 1991. Even in a light most favorable to Henderson, the ten appeals and eighteen original actions were or are not reasonably grounded in fact or warranted by existing law. Thus, Henderson is forewarned that the continued filing of appeals or original actions, that are not reasonably

grounded in fact or warranted by existing law, shall result in the declaration of him being a vexatious litigator.

**{¶20}** Accordingly, we grant Judge Saffold's motion for summary judgment. Costs to Henderson. The court directs the clerk of courts to serve all parties with notice of this judgment and the date of entry upon the journal as required by Civ.R. 58(B).

**{¶21}** Writ denied.

---

EILEEN A. GALLAGHER, JUDGE

MELODY J. STEWART, P.J., and
FRANK D. CELEBREZZE, JR., J., CONCUR