[Cite as *State v. Henderson*, 2014-Ohio-2274.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 100374**

# STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

# PAUL S. HENDERSON

DEFENDANT-APPELLANT

## JUDGMENT:
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case Nos. CR-09-520709 and CR-09-530899-A

**BEFORE:** S. Gallagher, P.J., Rocco, J., and McCormack, J.

**RELEASED AND JOURNALIZED:** May 29, 2014

**FOR APPELLANT**

Paul S. Henderson, pro se
No. 573-468
Marion Correctional Institution
940 Marion-Williamsport Road
Marion, Ohio   43302-0057


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
By: Diane Smilanick
Assistant Prosecuting Attorney
Justice Center - 9th Floor
1200 Ontario Street
Cleveland, Ohio   44113

SEAN C. GALLAGHER, P.J.:

{¶1} Appellant Paul S. Henderson appeals from the trial court's decision denying his motion to correct a void sentence. We find neither any merit nor any reasonable grounds justifying Henderson's appeal. For the following reasons, we affirm the trial court's decision and, sua sponte, find Henderson to be a vexatious litigator pursuant to Loc.App.R. 23(A).

{¶2} On June 7, 2010, in Cuyahoga C.P. No. CR-09-530899-A, a jury found appellant guilty of trafficking in marijuana in excess of 20,000 grams, in violation of R.C. 2925.03(A)(2); drug possession in excess of 20,000 grams of marijuana, in violation of R.C. 2925.11(A); and possession of criminal tools, in violation of R.C. 2923.24(A). *State v. Henderson*, 8th Dist. Cuyahoga No. 95655, 2012-Ohio-1040, ¶ 2, 8 ("*Henderson I*"). Henderson was sentenced to an aggregate nine-year term of imprisonment, a $7,750 fine, court costs, driver's license suspension, and the forfeiture of two cell phones. *Id.* at ¶ 8. Thereafter, Henderson directly appealed that conviction. *See id.* In Cuyahoga C.P. No. CR-09-520709, Henderson pleaded guilty to a trafficking offense in violation of R.C. 2925.03(A)(2), with a forfeiture specification. Henderson never appealed from his guilty plea in the latter case. On August 26, 2013, the trial court denied Henderson's motion to vacate his sentence in both lower court cases.[1]

{¶3} Henderson timely appealed that decision, advancing six assignments of error:

---

[1] Henderson included other trial orders in his current appeal, but the August 26, 2013 order was the only order timely appealed.

I. The trial court erred in construing this appellant's pleadings as a post-conviction petition on the face of the pleading it is clearly a direct jurisdictional challenge [based on a defect in the indictment] which should have been addressed as such, the failure of the trial court to do so violates this appellant's Constitutional rights under the 5th and 14th Amendments of the U.S. Constitution.

II. The trial court erred to the prejudice of appellant in violation of his Fourth and Fourteenth Amendment right to be free from illegal seizure of a person and properties.

III. The trial court erred to the prejudice of appellant in violation of his 4th, 5th, and 14th Amendments rights against self incrimination[, in light of the fact the court lacked subject matter jurisdiction because of a defect in the indictment].

IV. Being wrongfully imprisoned for operating a legitimate business was cruel and unusual punishment because it violated the Eighth Amendment.

V. Trial counsel was not effective, and had counsel been as guaranteed under the Sixth Amendment the outcome would have been different.

VI. The cumulative effect of claims I through V denied appellant due process in violation of his Fourteenth Amendment [rights].

{¶4} All of Henderson's current assigned errors mimic those advanced in his direct appeal. In his direct appeal, in *Henderson I*, 8th Dist. Cuyahoga No. 95655, 2012-Ohio-1040, Henderson advanced the following assigned errors:

I. The trial court erred to the prejudice of appellant in violation of his Fourth Amendment right to be free from illegal seizure of a person and property.

II. The trial court erred to the prejudice of appellant in violation of the First Amendment right [to assembly and association].

III. Trial counsel was not effective and had counsel been counsel as guaranteed under the Sixth Amendment, the outcome would have been different.

IV. Being wrongfully imprisoned for operating a legitimate business was cruel and unusual punishment because it violated the Eighth Amendment.

V. The cumulative effect of claims I through IV denied appellant due process in violation of the Fourteenth Amendment.

VI. The trial court erred to the prejudice of appellant in violation of his Fourth and Eighth Amendment rights to be free from illegal seizure of a person, and cruel and unusual punishment because it violated the Eighth Amendment, [and the court lacked subject matter jurisdiction in light of an alleged defect in the complaint.]

{¶5} "Res judicata bars the assertion of claims against a valid, final judgment of conviction that have been raised or could have been raised on appeal." *State v. Ketterer*, 126 Ohio St.3d 448, 2010-Ohio-3831, 935 N.E.2d 9, ¶ 59, citing *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967), paragraph nine of the syllabus. Every one of Henderson's current arguments were already addressed by this court in Henderson's direct appeal and found to be without merit. *See Henderson I*. Henderson's assigned errors are collectively overruled. Henderson's arguments were already determined to be without merit, and Henderson cannot collaterally attack that judgment through yet another appeal. There was no reasonable basis for filing the current appeal. Henderson had his opportunity to challenge his conviction on the basis of the facts and arguments presented in his direct appeals. In fact, this is Henderson's third attempt to raise the same set of facts and arguments.

{¶6} In *Henderson v. Saffold*, Henderson filed an original action, in part, claiming that his indictments in CR-09-520709 and CR-09-530899-A were defective, both cases were shams, his arrest warrant was without the proper affidavits, his convictions were

based on illegally seized evidence, and his sentences were generally void ab initio. *Henderson v. Saffold*, 8th Dist. Cuyahoga No. 100406, 2014-Ohio-306. This court not only dismissed the original action primarily based on the fact that Henderson had an adequate remedy in his direct appeals, but also admonished Henderson for filing frivolous appeals. This court could not have been more clear:

> [T]he conduct of Henderson, through the continued filing of appeals and original actions, may result in Henderson being declared a vexatious litigator. Pursuant to Loc.App.R. 23(A), an appeal or original action shall be considered frivolous if it is not reasonably grounded in fact or warranted by existing law. Loc.App.R. 23(B) further provides that a party that habitually, persistently, and without reasonable cause engages in frivolous conduct, may be declared a vexatious litigator subject to filing restrictions. Henderson has continually taxed the limited resources of this court through the filing of ten appeals and eighteen original actions since 1991. Even in a light most favorable to Henderson, the ten appeals and eighteen original actions were or are not reasonably grounded in fact or warranted by existing law. Thus, Henderson is forewarned that the continued filing of appeals or original actions, that are not reasonably grounded in fact or warranted by existing law, shall result in the declaration of him being a vexatious litigator.

*Id.* at ¶ 19.

{¶7} In *State ex rel. McGrath v. McClelland*, 8th Dist. Cuyahoga No. 97209, 2012-Ohio-157, this court determined, in a similar situation, that a party's conduct in refiling original actions premised on the same arguments already determined to be without merit by the appellate court, constituted grounds to deem the party a vexatious litigator pursuant to Loc.R. 23(A). *Id.* at ¶ 7. McGrath filed two unsuccessful original actions based on the claim that his sentence was defective. *Id.* at ¶ 6. In deciding relief was unwarranted, that court noted that McGrath "ha[d] continually taxed the limited

resources of this court through the filing of 23 appeals and 13 original actions over the past 10 years." *Id.* This court also imposed prospective filing restrictions based on that finding. *Id.* at ¶ 7.

**{¶8}** In the current case, Henderson previously and unsuccessfully filed an original action, titled as a writ of procedendo/mandamus, and now another appeal, alleging the same facts and issues raised in his direct appeal. This is Henderson's third attempt to litigate the same disputes advanced in *Henderson I*. We, sua sponte, find Henderson to be a vexatious litigator under Loc.App.R. 23. In addition to attempting to prosecute the same arguments a third time, Henderson has filed ten appeals and eighteen original actions since 1999, several of which were not reasonably grounded in fact or warranted by existing law. *Saffold*, 8th Dist. Cuyahoga No. 100406, 2014-Ohio-306, ¶ 19; *see, e.g., Henderson v. State*, 8th Dist. Cuyahoga No. 97042, 2011-Ohio-5679; *Henderson v. Saffold*, 8th Dist. Cuyahoga No. 94769, 2010-Ohio-2609; *Henderson v. Shaffer*, 8th Dist. Cuyahoga No. 94485, 2010-Ohio-915; *Henderson v. Saffold*, 8th Dist. Cuyahoga No. 94581, 2010-Ohio-536; *Henderson v. Houk*, 8th Dist. Cuyahoga No. 94426, 2010-Ohio-368; *Henderson v. Houk*, 8th Dist. Cuyahoga No. 94254, 2009-Ohio-6475; *Henderson v. Saffold*, 8th Dist. Cuyahoga No. 93449, 2009-Ohio-4028; *State ex rel. Henderson v. Friedman*, 8th Dist. Cuyahoga No. 84309, 2004-Ohio-3106; *Henderson v. Lebarron*, 8th Dist. Cuyahoga No. 84030, 2004-Ohio-1002; *State ex rel. Henderson v. McCormick*, 8th Dist. Cuyahoga No. 77008, 1999 Ohio App. LEXIS 5226 (Nov. 4, 1999). Accordingly, Henderson is prohibited from instituting any future legal proceedings in

the Eighth District Court of Appeals without first obtaining leave. He is further prohibited from filing any proceedings in the Eighth District Court of Appeals without the filing fee and security for costs required by Loc.App.R. 3(A). *See McGrath*, 8th Dist. Cuyahoga No. 97209, 2012-Ohio-157. Any request to file an appeal or original action shall be submitted to the clerk of this court for the court's review.

{¶9} We affirm the judgment of the trial court. It is further ordered that Henderson be declared a vexatious litigator pursuant to Loc.App.R. 23. It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were no reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


SEAN C. GALLAGHER, PRESIDING JUDGE

KENNETH A. ROCCO, J., and
TIM McCORMACK, J., CONCUR