THE STATE, EX REL. UTLEY, ADMR., ET AL., APPELLANTS, *v.* ABRUZZO, JUDGE, APPELLEE.

[Cite as State, ex rel. Utley, *v.* Abruzzo (1985), 17 Ohio St. 3d 203.]

(No. 84-479—Decided June 5, 1985.)

*William F. Clinard,* for appellants.
*Wilfrid G. Dues,* prosecuting attorney, for appellee.

*Per Curiam.* As was recognized in *State, ex rel. Davey,* v. *Owen* (1937), 133 Ohio St. 96, 106 [10 O.O. 102], "[t]he writ of *procedendo* is merely an order from a court of superior jurisdiction to one of inferior jurisdiction to proceed to judgment. It does not in any case attempt to control the inferior court as to what that judgment should be. * * *" Accord *State, ex rel. Federated Dept. Stores, Inc.,* v. *Brown* (1956), 165 Ohio St. 521, 525 [60 O.O. 486]. It is well-settled that the writ of procedendo will not issue for the purpose of controlling or interfering with ordinary court procedure, *State, ex rel. Cochran,* v. *Quillin* (1969), 20 Ohio St. 2d 6 [49 O.O. 2d 53], nor will the writ issue where an adequate remedy exists in the ordinary course of the law. *State, ex rel. St. Sava,* v. *Riley* (1973), 36 Ohio St. 2d 171, 174 [65 O.O.2d 395]; *State, ex rel. Ruggiero,* v. *Common Pleas Court* (1963), 175 Ohio St. 361 [25 O.O.2d 258].

As the court below correctly concluded, not only are appellants seeking to control ordinary court procedure contrary to the prior pronouncements of this court by contesting appellee's bifurcation order through an action in procedendo, but appellants are also attempting to achieve this result despite possessing an adequate remedy at law, by way of direct appeal, at the conclusion of the proceedings whereby the lawfulness of appellee's order may be reviewed. Moreover, it is axiomatic that a direct appeal as of right constitutes a plain and adequate remedy in the ordinary cause of the law, *State, ex rel. Cleveland,* v. *Calandra* (1980), 62

Ohio St. 2d 121, 122 [16 O.O.3d 143], the existence of which is fatal to a request for the extraordinary remedy of procedendo. *State, ex rel. St. Sava, v. Riley, supra.*

Appellants, however, seek to circumvent the principles established in the aforementioned cases by relying upon our decision in *State, ex rel. Unger, v. Quinn* (1984), 9 Ohio St. 3d 190. According to appellants, that case stands for the proposition that procedendo will lie to compel a court to adhere to a specific statutory procedure. An examination of the case reveals that appellants' reliance thereon is misplaced.

The facts in *Unger* demonstrate that the Court of Common Pleas of Stark County declined to conduct a criminal trial subsequent to the issuance of an indictment charging unfair campaign practices in violation of R.C. 3599.091. Instead, the court transferred the action to the Alliance Municipal Court for prosecution. Acting upon a complaint in procedendo seeking an order compelling the common pleas court to try the case, this court issued the writ, concluding that pursuant to R.C. 3599.091 the court of common pleas possessed exclusive jurisdiction to conduct a trial of the underlying criminal action.

Contrary to appellants' contention, we did not issue a writ of procedendo in *Unger* directing the lower court to conduct a trial in any particular fashion; rather, consistent with traditional principles underlying the writ of procedendo, the writ was issued to compel the court to assume jurisdiction over a cause which it had previously refused to entertain. Conversely, in the case at bar, appellee has assumed jurisdiction over appellants' tort actions. Appellants, however, being displeased with the bifurcation order, and contrary to prior holdings of this court, have instead chosen to seek judicial review of appellee's order through the extraordinary remedy of procedendo in a manner which constitutes a clear attempt to control or interfere with court procedure, and for which an adequate remedy exists by way of direct appeal at the conclusion of the trials of the actions. *State, ex rel. St. Sava, v. Riley, supra; State, ex rel. Ruggiero, v. Common Pleas Court, supra.*

For all of the foregoing reasons, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

CELEBREZZE, C.J., SWEENEY, LOCHER, HOLMES, C. BROWN, DOUGLAS and WRIGHT, JJ., concur.