JOURNAL ENTRY AND OPINION
{¶ 1} On February 2, 2004, the relator, Michael Foster, commenced this procedendo action against the respondent, the Cuyahoga County Common Pleas Court, to compel it to resentence him in the underlying case, State of Ohio v. Michael Foster,
Cuyahoga County Common Pleas Court Case No. CR-426781. In that case, Mr. Foster pleaded guilty to 11 criminal charges, which he committed in five separate incidents. The trial court sentenced him to serve all the firearm specifications consecutively. This court, relying on R.C. 2929.14(D)(1)(a)(i), held that firearm specifications arising out of the same incident must run concurrently. Therefore, on November 3, 2003, the court vacated the sentence and remanded for resentencing.
 {¶ 2} Mr. Foster then commenced this procedendo action when the trial court had not resentenced him after three months. On March 29, 2004, the respondent filed a motion to dismiss this procedendo action on the grounds of mootness. Attached to the dispositive motion was a certified copy of a journal entry, file-stamped March 29, 2004, which scheduled the resentencing in the underlying case for April 2, 2004. Mr. Foster did not file a response. Furthermore, a review of the docket in the underlying case shows that on April 2, 2004, the trial judge resentenced Mr. Foster and merged various firearm specifications.
 {¶ 3} The writ of procedendo is merely an order from a court of superior jurisdiction to one of inferior jurisdiction to proceed to judgment. Yee v. Erie County Sheriff's Department
(1990), 51 Ohio St.3d 43, 553 N.E.2d 1354. Procedendo is appropriate when a court has either refused to render a judgment or has unnecessarily delayed proceeding to judgment. State exrel. Watkins v. Eighth District Court of Appeals,82 Ohio St.3d 532, 1998-Ohio-190, 696 N.E.2d 1079. However, the writ will not issue to control what the judgment should be, nor will it issue for the purpose of controlling or interfering with ordinary court procedure. Moreover, it will not issue when there is an adequate remedy at law. State ex rel. Utley v. Abruzzo (1985),17 Ohio St.3d 202, 478 N.E.2d 789 and State ex rel. Reed v. Hansen
(1992), 63 Ohio St.3d 597, 589 N.E.2d 1324.
 {¶ 4} In the present case, the respondent court has proceeded to judgment by completing the required resentencing. Thus, this writ action is moot, and the court grants the dispositive motion and denies the application for a writ of procedendo. Costs assessed against relator. The clerk is directed to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).
McMonagle, J., and Gallagher, J., concur.