OPINION AND JOURNAL ENTRY
{¶ 1} On October 24, 2002, Relator, acting pro-se, filed a complaint for writ of procedendo seeking an order to compel Respondent to comply with this Court's order of December 18, 2000, in Appeals Case No. 99 C.A. 156, captioned State v.Clinton Perdue. In that decision, this Court ordered that the testimony of two witnesses in a co-defendant's trial be produced and then the Relator be permitted to supplement his motion for new trial. The motion for new trial was to then be decided after a review of the supplemental transcripts and the affidavits filed by co-defendants.
 {¶ 2} On November 27, 2002, Respondent filed a motion to dismiss arguing that any delay in deciding the motion for new trial was attributable to delays requested by Relator's defense counsel.
 {¶ 3} The record of this case and the trial court case reflect that there was difficulty in locating certain hearing transcripts, that Relator's counsel requested continuances of a scheduled hearing, that Relator was granted leave to supplement his motion for new trial, that the State of Ohio was granted a continuance to file a response and that the Respondent established a schedule for filing all papers needed to consider the motion.
 {¶ 4} The record further discloses that on July 30, 2004, in accordance with its motion management schedule, the Respondent issued an order denying the motion for new trial. It is further noted that on June 24, 2004, Relator filed a premature notice of appeal directed to the order filed on July 30, 2004. In accordance with App.R. 4(C) the notice of appeal is treated as filed immediately after the entry.
 LAW {¶ 5} A writ of procedendo is appropriate when a court has either refused to render a judgment or has unnecessarily delayed proceeding to judgment. State ex rel. Watkins v. Eighth Dist.Court of Appeals (1998), 82 Ohio St.3d 532, 696 N.E.2d 1079.
 {¶ 6} In order to be entitled to a writ of procedendo, a relator must establish: (1) a clear legal right to require the court to proceed; (2) a clear legal duty on the part of the court to proceed; and (3) the lack of an adequate remedy in the ordinary course of law. State ex rel. Miley v. Parrott (1996),77 Ohio St.3d 64; 671 N.E.2d 24. A direct appeal as of right constitutes a plain and adequate remedy which is fatal to a request for the extraordinary remedy of procedendo. State exrel. Utley v. Abruzzo (1985), 17 Ohio St.3d 203, 478 N.E.2d 789.
 ANALYSIS {¶ 7} On July 30, 2004, the Respondent issued a ruling on the motion. Such judgment renders this Petition for Writ of Procedendo moot. The Respondent has proceeded to judgment and a direct appeal has been taken from that judgment. Relator has, and is pursuing, an available legal remedy to challenge the legal correctness of the judgment.
 {¶ 8} A writ of procedendo will not issue to compel performance of a duty already performed. Martin v. Judges ofLucas County Court of Common Pleas (1990), 50 Ohio St.3d 71,552 N.E.2d 906.
 {¶ 9} Accordingly, this Petition for Writ of Procedendo is dismissed as moot. Costs taxed against Petitioner.
 {¶ 10} Final order. Clerk to serve notice as provided by the civil rules. Copy to counsel or unrepresented party and Judge Maureen Cronin.
Donofrio, J., concurs.
Vukovich, J., concurs.
DeGenaro, J., concurs.