ORIGINAL ACTION JOURNAL ENTRY AND OPINION
{¶ 1} Relator, Darryl Jenkins, avers that he was released on parole from Belmont Correctional Institution on June 12, 1998 and remained without infractions for 13 months after his parole. Jenkins claims that under the policy of respondent, Adult Parole Authority ("APA"), he should have been released from supervision on July 12, 1999.
 {¶ 2} Jenkins acknowledges, however, that he was arrested on September 8, 1999, on federal drug charges. Attachments to the complaint reflect that Jenkins is an inmate at the Federal Correctional Institution in Morgantown, West Virginia ("FCI Morgantown"). Those attachments also reflect that the APA issued a warrant stating that Jenkins remained within the custody of the Department of Rehabilitation and Correction and under the supervision of the APA as well as requesting that FCI Morgantown detain Jenkins.
 {¶ 3} Jenkins requests that this court issue a writ of mandamus and/or procedendo compelling the APA to withdraw the detainer and to issue final release papers indicating that Jenkins successfully completed parole. The APA has filed a motion to dismiss and notes that the complaint is not supported with any documentation substantiating relator's claim that he is entitled to release from supervision by the APA.
 {¶ 4} Respondent has filed a motion to dismiss and Jenkins filed a brief in opposition. For the reasons stated below, we hold that the complaint fails to state a claim upon which relief can be granted and grant the motion to dismiss.
 {¶ 5} In State ex rel. Duganitz v. Ohio Adult Parole Auth.,77 Ohio St.3d 190, 1996-Ohio-326, 672 N.E.2d 654, the relator filed an ction in mandamus in the court of appeals to compel the APA to grant him a final release from parole. While Duganitz was on parole, he was arrested and the APA revoked his parole. Although Duganitz was convicted of the charge resulting from that arrest, the conviction was ultimately reversed on the ground of insufficient evidence. He argued that he was entitled to unconditional release without further parole supervision because the conviction which led to his parole revocation was reversed as having been without sufficient factual support. The Supreme Court affirmed the entry of summary judgment in favor of the APA and held that the APA's decision whether to grant final release is discretionary. Id. at 192.
 {¶ 6} Mandamus may not be used to control an officer's discretion.State ex rel. Hodges v. Taft (1992), 64 Ohio St.3d 1, 4, 591 N.E.2d 1186. Jenkins has not cited any authority by which he has a clear legal right to final release or that the APA has a clear legal duty to issue his final release. Cf. R.C. 2967.16(A) ("the authority shall not grant a final release earlier than one year after the paroled prisoner is released from the institution on parole * * *.") We also note that Ohio Adm. Code 5120:1-1-31 authorizes the department of rehabilitation and correction
"to file a detainer against an offender or otherwise cause the arrestof an offender by the issuance of a detainer whenever there is reasonablecause to believe that such offender has violated or is about to violateany of the terms or conditions of his supervision or sanction and commitsan overt act toward such violation."
Ohio Adm. Code 5120:1-1-31(A).
 {¶ 7} The APA had not issued a final release prior to relator's arrest on the federal charges and had the authority to file a detainer. In light of the authorities cited above, we must conclude that relief in mandamus is not appropriate.
 {¶ 8} Jenkins also requests that this court issue a writ of procedendo.
"The writ of procedendo is merely an order from a court of superiorjurisdiction to one of inferior jurisdiction to proceed to judgment. Yeev. Erie County Sheriff's Department (1990), 51 Ohio St.3d 43,553 N.E.2d 1354. Procedendo is appropriate when a court has eitherrefused to render a judgment or has unnecessarily delayed proceeding tojudgment. State ex rel. Watkins v. Eighth District Court of Appeals,82 Ohio St.3d 532, 1998-Ohio-190, 696 N.E.2d 1079."
 {¶ 9} State ex rel. Foster v. Cuyahoga Cty. Court of Common Pleas,
Cuyahoga App. No. 84144, 2004-Ohio-2975, ¶ 3. Jenkins is not requesting the court to take any action. His request for relief in procedendo is, therefore, clearly inappropriate. As a consequence, the complaint fails to state a claim upon which relief can be granted.
 {¶ 10} Additionally, Jenkins has failed to comply with Loc.App.R. 45(B)(1)(a) which requires that complaints in original actions be supported by an affidavit from the plaintiff or relator specifying the details of the claim. In his "Affidavit of Indigency:/Verity," Jenkins avers: Everything is true in Mandamus Application." "This conclusory statement is not sufficient to satisfy the requirement of Loc.App.R. 45(B)(1)(a) that the affidavit supporting the complaint specify thedetails of the claim. `The absence of facts specifying the details of the claim required by Loc.App.R. 45(B)(1)(a) is a ground for dismissal.'State ex rel. Sansom v. Wilkinson, Cuyahoga App. No. 80743, 2002-Ohio-1385, at 7." State v. Sawyer, Cuyahoga App. No. 83682, 2004-Ohio-516, at ¶ 6.
 {¶ 11} Accordingly, respondent's motion to dismiss is granted. Relator to pay costs. The clerk is directed to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).
Writ dismissed.
Sweeney, P.J., Concurs McMonagle, J., Concurs.