DECISION AND JUDGMENT ENTRY
{¶ 1} This matter is before the court on a petition for a writ of procedendo sought by a party in a civil suit in the Lucas County Court of Common Pleas.
 {¶ 2} Relator, Safety National Casualty Corporation, is one of many insurers involved in complex litigation before respondent, Judge Gary G. Cook. Intervenors are Aeroquip-Vickers, Inc., Eaton Corporation and Pilkington North America, Inc.
 {¶ 3} On July 23, 2003, Travelers Casualty and Surety Company and five other insurers initiated a declaratory judgment action in the Lucas County Court of Common Pleas. These insurers sought a declaration concerning their duty to defend and indemnify intervenors in certain present and future asbestos liability cases. The case, Travelers Casualty and Surety Company, et al.v. Aeroquip-Vickers, Inc., et al., Lucas County No. CI-03-04077, was assigned to respondent. Subsequently, intervenors impleaded relator and literally dozens of other insurers who had issued nearly 200 insurance policies that intervenors contend are contractually obligated to defend and indemnify against asbestos claims.
 {¶ 4} On April 7, 2004, the court issued an order, officially designating the case as complex litigation pursuant to local rule. The same order defined detailed case management procedures to expedite litigation, including timelines for discovery and motion practice. Over the next year, respondent and counsel for the parties held numerous conferences, during which the court apparently came to believe that a threshold issue in these cases was the legal definition of an "occupational disease."
 {¶ 5} On August 8, 2005, the court issued an order setting deadlines for motions for partial summary judgment and argument on what constitutes an "occupational disease." On August 16, 2005, relator filed a motion to refer the claim arising from one of its policies to arbitration.
 {¶ 6} On October 20, 2005, respondent held a hearing on relator's application for arbitration. The court initially stated that it was going to deny the application, but continued: "* * * actually probably shouldn't deny it. I'm going to defer it for decision. And what I'm going to do is hold off until after we're done with this occupational disease portion of it." The court chided relator for waiting "two years into the case" to file for arbitration and advised relator that the issue at hand was "occupational disease." The court told relator that it intended to dispose of the definitional issue before considering its motion.
 {¶ 7} Relator responded to the court's ruling by filing a notice of appeal and a petition for a writ of procedendo. The first procedendo was dismissed because it was submitted by an attorney who was neither admitted to practice in Ohio nor had been admitted pro hac vice before this court. State of Ohio exrel. Safety Natl. Cas. Corp. v. Judge Cook (Dec. 28, 2005), 6th Dist. No. L-05-1363. Relator's appeal was dismissed for want of a final appealable order. Travelers Cas. Surety Co. v.Aeroquip-Vickers, Inc. (Apr. 4, 2006), 6th Dist. No. L-05-1371.
 {¶ 8} On February 6, 2006, relator refiled the petition for a writ of procedendo which is now before the court. Respondent answered relator's complaint as did intervenors. This matter is now before the court on cross-motions by all parties for summary judgment.
 {¶ 9} Civ.R. 56(C) provides that summary judgment may be granted only if (1) no genuine issue of material fact remains to be litigated; (2) it appears from the evidence that reasonable minds can reach but one conclusion and that conclusion is adverse to the nonmoving party; and (3) the moving party is entitled to summary judgment as a matter of law. Temple v. Wean United,Inc. (1977), 50 Ohio St.2d 317, 327.
 {¶ 10} A writ of procedendo is an order from a court of superior jurisdiction to a court of inferior jurisdiction to proceed to judgment. Yee v. Erie Cty. Sheriff's Dept. (1990),51 Ohio St.3d 43, 45. It is an extraordinary writ which will not issue if there is an adequate remedy at law. State ex. rel.Utley v. Abruzzo (1985), 17 Ohio St.3d 203, 204.
 {¶ 11} It is important to note that the writ is not intended to instruct the lower court as to what its judgment should be. The writ of procedendo is no more than a direction to proceed to judgment. State ex rel. Hansen v. Reed (1992),63 Ohio St.3d 597, 600. The writ is appropriate when a court has either refused to render a judgment or has unnecessarily delayed in proceeding to judgment. State ex rel. Crandall, Pheils Wisniewski v.DeCessna, Judge (1995), 73 Ohio St.3d 180. The writ will not issue to control or interfere with ordinary court procedure.Utley, supra; State ex rel. Cochran v. Quillin (1969),20 Ohio St.2d 6.
 {¶ 12} There are no genuine issues of fact in this matter. The issue is whether relator is entitled to judgment as a matter of law.
 {¶ 13} All parties in this matter argue the merits of the motion: only one contract in hundreds has an arbitration clause; the right to proceed to arbitration is absolute; the contractual clause at issue is, or is not, binding; relator waived its right to arbitrate by failing for two years to request arbitration referral. None of these arguments are germane to the issue before us, which is whether respondent refused to rule or unreasonably delayed ruling on relator's request. It is clear that respondent has not refused to rule on the arbitration request.
 {¶ 14} The only question remaining is whether respondent has unreasonably delayed a ruling on the arbitration request. This is complex litigation involving three major corporations, dozens of insurance companies, hundreds of insurance policies, and legions of lawyers.
 {¶ 15} Two years into this litigation, the court issued an order, designating that the definition of "occupational disease" was a threshold question on which the parties should concentrate in the near future. A week later, relator interposed its request for arbitration. On October 20, 60 days after the motion, the court held a hearing and advised relator and opposing counsel that it intended to proceed with its original plan to define "occupational disease" and would rule on relator's motion once that was accomplished. On November 21, 2005, relator filed its appeal. On November 22, 2005, relator filed its first petition for a writ of procedendo.
 {¶ 16} Since the issue in relator's appeal was respondent's treatment of its arbitration request, the effect of its November 21, 2005 notice of appeal was to divest respondent of jurisdiction to rule on the request. Consequently, the delay of which relator complains was a period of slightly more than 90 days. In the context of complex litigation, this can in no manner be construed as an undue delay. There is no indication that respondent has not been working on the case or has, in any other respect, neglected his duties. Moreover, in the broader context, we believe that the court has an inherent right to order its proceedings and prioritize its acts. See, Chokel v. Celebrezze
(Dec. 19, 2000), 8th Dist. No. 78355. To interfere with this function, so long as it is reasonably exercised, would be to interfere with the court's ordinary proceedings which would be improper. Id.
 {¶ 17} Accordingly, respondent's and intervenors' motions for summary judgment are well-taken. Relator's motion is not well-taken. Relator's petition for a writ of procedendo is denied. Costs to relator.
Petition Denied.
Handwork, J. Singer, P.J. Skow, J. concur.