JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} This cause came to be heard upon the accelerated calendar pursuant to App. R. 11.1 and Loc. R. 11.1, the trial court records and briefs of counsel.
 {¶ 2} Appellant, Ezekial McCarroll, brings this appeal challenging the trial court's failure to permit him to withdraw his guilty plea. After a thorough review of the record, and for the reasons set forth below, we affirm.
 {¶ 3} On February 3, 1994, appellant was indicted on two counts of aggravated murder, each with a felony murder and firearm specifications, and one count of aggravated robbery with a firearm specification. On April 25, 1994, appellant entered into a plea agreement with an agreed-upon sentence. Appellant pleaded guilty to Count Two, aggravated murder with a felony specification. Upon recommendation by the state, the trial court nolled Counts One and Three as well as the firearm specification on Count Two. On this same date, the trial court sentenced appellant to 30 years to life in prison, with eligibility for parole after 30 years.
 {¶ 4} On February 2, 1999, appellant filed a motion to file a notice of delayed appeal, which this court denied. On July 28, 2008, appellant filed a motion to withdraw his guilty plea pursuant to Crim. R. 32.1. On August 6, 2008, the trial court denied appellant's motion. *Page 4 
 Review and Analysis {¶ 5} Appellant filed this timely notice of appeal, raising a sole assignment of error.
 {¶ 6} "I. The trial court erred, and abused its discretion in violation of appellant's Fourteenth Amendments under the United States Constitution and Article I, Section 10 of the Ohio Constitution when dismissing his motion to withdraw guilty plea after appellant showed a manifest injustice."
 {¶ 7} Appellant argues that the trial court erred when it denied his motion to withdraw his guilty plea. He bases his argument on the original three-judge panel's alleged failure to comply with Crim. R. 11 (C) (3), which acts to ensure that criminal defendants entering guilty pleas do so knowingly, intelligently, and voluntarily. Appellant specifically argues that the three-judge panel violated R.C. 2945.05 and2945.06. The state contends that appellant's claims are barred by the doctrine of res judicata.
 {¶ 8} "Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that wasraised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on appeal from that judgment." (Emphasis in original.) State v. Perry (1967),10 Ohio St.2d 175, 226 N.E.2d 104, paragraph nine of the syllabus. *Page 5 
 {¶ 9} In State v. Vild, Cuyahoga App. Nos. 87742, 87965,2007-Ohio-987, this court held that "[a] trial court has no jurisdiction to grant a motion to withdraw a plea after the plea and judgment have been affirmed on appeal. `Crim. R. 32.1 does not vest jurisdiction in the trial court to maintain and determine a motion to withdraw the guilty plea subsequent to an appeal and an affirmance by the appellate court. While Crim. R. 32.1 apparently enlarges the power of the trial court over its judgments without respect to the running of the court term, it does not confer upon the trial court the power to vacate a judgment which has been affirmed by the appellate court, for this action would affect the decision of the reviewing court, which is not within the power of the trial court to do. State ex rel. Special Prosecutors v. Judges, Court ofCommon Pleas (1978), 55 Ohio St.2d 94, 97, 378 N.E.2d 162; also seeState v. Craddock, Cuyahoga App. No. 87582, 2006 Ohio 5915, PP8-9.'"
 {¶ 10} In the case at bar, appellant's prior appeal was dismissed. The trial court had no jurisdiction to permit appellant to withdraw his plea thereafter. Furthermore, this court cannot now review the trial court's denial of appellant's motion to withdraw his plea because his claims are barred by the doctrine of res judicata.
 {¶ 11} Appellant's sole assignment of error is overruled.
Judgment affirmed.
 It is ordered that appellee recover from appellant costs herein taxed. *Page 6 
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 KENNETH A. ROCCO, P.J., and MARY JANE BOYLE, J., CONCUR. *Page 1