PER CURIAM OPINION
{¶ 1} The instant matter is a procedendo action in which relator, Daryl L. Gotel, sought the issuance of the writ to compel a judge of the Lake County Court of Common Pleas to go forward on a pending motion in an underlying criminal case. As the basis for his sole claim, relator asserted that, in December 2008, he had filed before the trial judge a motion to vacate his prior criminal conviction. He further asserted that, despite the fact that the motion had been pending for two months, the trial judge had not issued a written determination on the motion. *Page 2 
 {¶ 2} A review of the procedendo petition indicates that, even though the name of the trial judge is cited as part of the factual allegations, relator did not expressly make the judge a party to this action. Instead, the caption of the petition only named the State of Ohio as the opposing party. Moreover, in his certificate of service, relator only stated that a copy of his petition had been mailed to the Lake County Prosecutor's Office.
 {¶ 3} Under Ohio law, the basic purpose of a writ of procedendo is very limited. That is, "[a] writ of procedendo is an order from a court of superior jurisdiction to one of inferior jurisdiction to proceed to judgment in a case before it." State ex rel. Doe v. Tracy (1988), 51 Ohio App.3d 198, 200. As a general proposition, the issuance of such a writ is only deemed proper when the lower court has simply refused to proceed on the pending matter or has engaged in an inappropriate delay in rendering its final judgment. State ex rel. Miley v. Parrott (1996),77 Ohio St.3d 64, 65.
 {¶ 4} Given the narrow application of a writ of procedendo, it follows that such an action can only be maintained against the court or judge who has allegedly failed to go forward in a timely manner. As to this point, this court would note that a procedendo action constitutes a separate legal proceeding; as a result, relator could not institute the instant action in the identical manner as the criminal proceeding against him. In other words, instead of naming the "State of Ohio" as the opposing party, relator was required to maintain the action against the court or judge. Since the ultimate relief relator seeks is intended to compel the trial judge to perform a specific act, the judge must be a party to the action before it can go forward.
 {¶ 5} As the appropriate judge or court was not named as respondent and, thus, was never served with a copy of relator's petition, this court does not have the requisite *Page 3 
personal jurisdiction to issue any type of writ or order against the judge or court. Under those circumstances, relator is not entitled to a final determination on the merits of his procedendo claim. Therefore, it is the sua sponte order of this court that relator's sole claim for relief is hereby dismissed in its entirety.
DIANE V. GRENDELL, J., CYNTHIA WESTCOTT RICE, J., COLLEEN MARY O'TOOLE, J., concur. *Page 1