[Cite as *State ex rel. McCarroll v. Barker*, 2013-Ohio-3255.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 99843**

# STATE OF OHIO, EX REL.
# EZEKIAL McCARROLL

RELATOR

vs.

# JUDGE PAMELA BARKER, ET AL.

RESPONDENTS

**JUDGMENT:**
WRIT OF MANDAMUS DISMISSED;
WRIT OF PROCEDENDO DENIED

Writs of Mandamus and Procedendo
Motion Nos. 465623 and 466027
Order No. 466659

**RELEASED DATE:** July 24, 2013

-i-

**FOR RELATOR**

Ezekial McCarroll, Pro Se
Inmate No. 291-155
Mansfield Correctional Institution
P.O. Box 788
Mansfield, Ohio 44901


**FOR RESPONDENTS**

Timothy McGinty
Cuyahoga County Prosecutor

By: James E. Moss
Assistant County Prosecutor
9th Floor Justice Center
1200 Ontario Street
Cleveland, Ohio 44113

PATRICIA ANN BLACKMON, J.:

{¶1} On April 30, 2013, the relator, Ezekial McCarroll, commenced this mandamus and procedendo action against the respondents, Judges Pamela Barker, David T. Matia, and Steven Gall,[1] to compel the judges to issue a final judgment in regards to his "Motion to re-sentence defendant" that he filed on November 28, 2011, in the underlying case, *State v. McCarroll,* Cuyahoga C.P. No. CR-306381. McCarroll claims that the judges' order, issued to resolve the November 28, 2011 motion, does not constitute a final, appealable order because, inter alia, it increased his term of imprisonment and is an improper nunc pro tunc order. On June 7, 2013, the respondents moved for summary judgment on the grounds of mootness and adequate remedy at law. On June 24, 2013, McCarroll filed a motion to dismiss his mandamus claim and to proceed solely on the procedendo claim. This court grants McCarroll's motion and dismisses his mandamus claim; the procedendo claim remains pending. Moreover, the court considers the June 24, 2013 filing as a brief in opposition to the judges' motion for summary judgment. For the following reasons, this court grants the judges' motion for summary judgment and denies the application for a writ of procedendo.

{¶2} In early 1994, in the underlying case, the grand jury indicted McCarroll on

---

[1] McCarroll initially brought this writ action against Judge Annette Butler, but Judge Gall has replaced Judge Butler. Thus, he is now a respondent in this action.

two counts of aggravated murder as capital offenses with felony murder and firearm specifications and one count of aggravated robbery. Because this was a capital case, a three-judge panel was needed.[2] In April 1994, McCarroll pleaded guilty to aggravated murder pursuant to a plea bargain, under which the state nolled the other two counts and the firearm specification, and the parties agreed to a mandatory 30-year term. During the plea and sentencing hearings, the judges made it very clear that McCarroll would have to serve a minimum of 30 years in prison. The April 28, 1994 journal entry resolving the case specified that McCarroll pleaded guilty to aggravated murder with a felony murder specification as amended, that the prosecutor nolled the other counts, and that the court imposed an agreed 30-years to life sentence, non-probationable. However, only one of the three judges signed the journal entry.

{¶3} Since then, McCarroll has endeavored to seek review of his conviction and sentence. In February 1999, he moved for a delayed appeal that this court denied (8th Dist. No. 76016). In July 2008, he moved to withdraw his guilty plea. This court affirmed the denial of that motion. *State v. McCarroll*, 8th Dist. Cuyahoga No. 92012, 2009-Ohio-623, *appeal not accepted for review*, *State v. McCarroll*, 122 Ohio St.3d 1456, 2009-Ohio-3131, 908 N.E.2d 946. In August 2009, he filed a motion for relief from judgment; this court affirmed the denial of that motion in *State v. McCarroll,* 8th Dist. Cuyahoga No. 93956, 2010-Ohio-2107. In March 2010, he again sought a delayed

---

[2] The original three judges were Judges John L. Angelotta, R. Patrick Kelly, and Timothy McGinty. They are no longer on the bench.

appeal that this court denied (8th Dist. No. 94767). In July 2010, he filed a motion to

vacate void sentence and for new sentencing that the trial court denied. This court

dismissed the appeal of that ruling as untimely (8th Dist. No. 95637). The docket of the

underlying case further shows that McCarroll in April 2011, moved for resentencing

because the trial court did not inform him of his appellate rights, and that the trial court

denied the motion on May 3, 2011, because he had pled guilty with an agreed sentence

and had no right to an appeal. On June 6, 2011, McCarroll again tried to appeal his

conviction and sentence that this court dismissed as untimely (8th Dist. No. 96868).

{¶4} Finally, on November 28, 2011, he filed the subject motion apparently on

the grounds that the three judges assigned to the case did not sign the journal entry.[3]

The docket shows that in February 2012, the trial court ordered McCarroll back to court

for a hearing before a three-judge panel and appointed counsel for him. On March 5,

2012, the trial court issued the following journal entry:

> The Court Nunc Pro Tunc substitutes the below language for the last paragraph of its Journal Entry of 4-25-94: It is therefore ordered and adjudged by the Court that said Defendant, Ezekial McCarroll, is sentenced to Lorain Correctional Institution for an agreed sentence of thirty (30) full years to life. Defendant to pay court costs.

The three successor judges of the original judges signed this entry.

{¶5} In response, McCarroll filed a petition for a writ of mandamus and/or

procedendo seeking to compel the original three judges to issue a sentencing entry in

---

[3] Neither McCarroll nor the respondents attached a copy of the subject motion to their filings in this court.

compliance with Crim.R. 32 and *State v. Baker*, 119 Ohio St.3d 197, 2008-Ohio-3330, 893 N.E.2d 163. On April 25, 2012, the three successor judges issued the following journal entry:

> The following sentencing journal entry is issued nunc pro tunc as if and for the sentencing journal entry of April 25, 1994:
>
> Now comes the prosecuting attorney on behalf of the state of Ohio and the defendant, Ezekial McCarroll, in open court with his/her counsel present and was fully advised of his/her constitutional rights. Attorneys Mark Stanton/Steve McGowan and prosecutor Dominic Delbalso present. On recommendation of the prosecutor count two is amended to delete the firearm specification. Thereupon, Defendant Ezekial McCarroll retracts his former plea of not guilty heretofore entered, and for plea to said indictment says he is guilty of aggravated murder with felony murder specifications ORC 2903.01 as amended in count two, which plea/pleas is/are accepted by the court. On recommendation of the prosecutor counts one and three are nolled. Thereupon, the court inquired of the defendant if he/she had anything to say why judgment should not be pronounced against him; and having nothing but what he had already said and showing no good and sufficient cause why judgment should not be pronounced. It is therefore, ordered and adjudged by the court that said defendant, Ezekial McCarroll, is sentenced to Lorain Correctional Institution for an agreed sentence of thirty (30) full years to life. Defendant to pay costs.
>
> The nunc pro tunc entry issued on March 5, 2012 is vacated.
>
> It is so ordered.

The three successor judges signed this entry. McCarroll dismissed his first writ action and then commenced the present writ action. McCarroll argues that April 25, 2012 entry is void because it increased his sentence to 30 full years, did not state the sentence actually pronounced in 1994, did not comply with the requirements of Crim.R. 32, and did not fulfill the requirements of a nunc pro tunc entry as specified in *Ruby v. Wolf*, 39 Ohio App. 144, 177 N.E. 240 (8th Dist.1931). Thus, he claims that procedendo will lie

to compel the issuance of a final, appealable order.

{¶6} The writ of procedendo is merely an order from a court of superior jurisdiction to one of inferior jurisdiction to proceed to judgment. *Yee v. Erie Cty. Sheriff's Dept.*, 51 Ohio St.3d 43, 553 N.E.2d 1354 (1990). Procedendo is appropriate when a court has either refused to render a judgment or has unnecessarily delayed proceeding to judgment. *State ex rel. Watkins v. Eighth Dist. Court of Appeals*, 82 Ohio St.3d 532, 1998-Ohio-190, 696 N.E.2d 1079. However, the writ will not issue to control what the judgment should be, nor will it issue for the purpose of controlling or interfering with ordinary court procedure. Thus, procedendo will not lie to control the exercise of judicial discretion. Moreover, it will not issue if the petitioner has or had an adequate remedy at law. *State ex rel. Utley v. Abruzzo*, 17 Ohio St.3d 203, 478 N.E.2d 789 (1985); *State ex rel. Hansen v. Reed*, 63 Ohio St.3d 597, 589 N.E.2d 1324 (1992); and *Howard v. Cuyahoga Cty. Probate Court*, 8th Dist. Cuyahoga No. 84702, 2004-Ohio-4621 (petitioner failed to use an adequate remedy at law).

{¶7} The April 25, 2012 journal entry complies with Crim.R. 32, *Baker*, and *State v. Lester*, 130 Ohio St.3d 303, 2011-Ohio-5204, 958 N.E.2d 142. It contains McCarroll's guilty plea or the fact of conviction, the sentence, the signature of the three judges, and the entry on the journal by the clerk. It has the requisite form of a final, appealable order. Thus, procedendo will not issue to compel the respondents to issue a final, appealable order.

{¶8} Additionally, McCarroll's arguments that the journal entry is void because

it added "30 full years" or is not the sentence pronounced in 1994 are ill-founded. During the plea and sentencing hearing Judge Angelotta stated, "you are eligible for parole after 30 years." (Tr. 11.) The final words at the hearing were "[t]he defendant McCarroll is sentenced to Lorain Correctional Institution for * * * a minimum of 30 years to a maximum of life imprisonment." (Tr. 16.) The April 25, 2012 journal entry accurately states the sentence pronounced and is not an increase in sentence. To argue that 30 full years to life is not the same as "thirty (30) years to life (non-probationable)" is sophistry.

{¶9} Finally, to the extent that the April 25, 2012 order does not comply with the requisites of nunc pro tunc, McCarroll has or had a remedy by way of appeal that precludes an extraordinary writ. Indeed, McCarroll's own authority, *Ruby v. Wolf*, was an appeal and shows the proper remedy.

{¶10} Accordingly, this court grants the respondents' motion for summary judgment and denies the application for a writ of procedendo. Relator to pay costs. This court directs the clerk of court to serve all parties notice of this judgment and its date of entry upon the journal as required by Civ.R. 58(B).

{¶11} Writ denied.

---

PATRICIA ANN BLACKMON, JUDGE

MARY J. BOYLE, P.J., and
KATHLEEN ANN KEOUGH, J., CONCUR