[Cite as *State ex rel. Elkins v. Fais*, 2014-Ohio-3886.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio ex rel. David Elkins, | : | |
| Relator, | : | |
| v. | : | No. 13AP-870 |
| Judge David Fais, | : | (REGULAR CALENDAR) |
| Respondent. | : | |

D E C I S I O N

Rendered on September 9, 2014

*David Elkins*, pro se.

*Ron O'Brien*, Prosecuting Attorney, and *Jeffrey C. Rogers*, for respondent.

IN PROCEDENDO
ON RESPONDENT'S MOTION FOR SUMMARY JUDGMENT

TYACK, J.

{¶ 1} Relator, David Elkins, a pro se litigant currently incarcerated, filed an original action requesting a writ of procedendo ordering respondent, the Honorable David Fais of the Franklin County Court of Common Pleas, to resentence him in compliance with our judgment in *State v. Elkins*, 148 Ohio App.3d 370, 2002-Ohio-2914 (10th Dist.). Respondent filed a motion for summary judgment.

{¶ 2} In 2001, a jury found Elkins guilty of a number of charges, including multiple counts of robbery, aggravated robbery, felonious assault, and aggravated possession of drugs. The trial court sentenced him accordingly. This court affirmed Elkins' convictions but remanded the matter for resentencing. *Id.* After a number of subsequent resentencing and appeals, Elkins was resentenced in 2006. Elkins did not appeal that 2006 sentencing.

{¶ 3}   On March 26, 2013, Elkins filed a "Motion Requesting Mandatory Hearing For Final Appealable Order."  This was denied by the trial court on April 22, 2013.  Elkins filed a notice of appeal on May 28, 2013.  We dismissed the case for not being timely appealed.  *Elkins v. State*, 10th Dist. No. 13AP-445 (Aug. 23, 2013).

{¶ 4}   On September 10, 2013, Elkins moved this court for leave to file a delayed appeal for the original common pleas case.  On December 6, 2013, we dismissed this case.  *State v. Elkins*, 10th Dist. No. 13AP-780 (Dec. 6, 2013).

{¶ 5}   Before the dismissal of case No. 13AP-780, Elkins filed this procedendo action on October 11, 2013.  Respondent moved for summary judgment which was assigned to the magistrate on December 11, 2013.  Elkins responded to the summary judgment motion on December 6, 2013.

{¶ 6}   In accord with Loc.R. 13(M) of the Tenth District Court of Appeals, the case was referred to a magistrate to conduct appropriate proceedings.  The magistrate then issued a magistrate's decision, appended hereto, which contains detailed findings of fact and conclusions of law.  The magistrate's February 14, 2014 decision includes a recommendation that we grant respondent's motion for summary judgment and deny relator's request for a writ of procedendo.

{¶ 7}   On March 12, 2014, we denied Elkins' motion entitled "Civ.R. 12(B)(5) Motion to Strike Magistrate's Judgment as Sham and Motion to Dismiss Upon Due Process Violation of U.S. Constitutional Speedy Trial Right."

{¶ 8}   Civ.R. 56(C) states that summary judgment shall be rendered forthwith if:

> [T]he pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  No evidence or stipulation may be considered except as stated in this rule.  A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion * * *.

Accordingly, summary judgment is appropriate only where: (1) no genuine issue of material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) viewing the evidence most strongly in favor of the non-moving party, reasonable minds can come to but one conclusion and that conclusion is adverse to the non-moving party. *Tokles & Son, Inc. v. Midwestern Indemn. Co.*, 65 Ohio St.3d 621, 629 (1992), citing *Harless v. Willis Day Warehousing Co.*, 54 Ohio St.2d 64, 65-66 (1978). "[T]he moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record * * * which demonstrate the absence of a genuine issue of fact on a material element of the non-moving party's claim." *Dresher v. Burt*, 75 Ohio St.3d 280, 292 (1996); Civ.R. 56(E).

{¶ 9}   Summary judgment is a procedural device to terminate litigation, so it must be awarded cautiously with any doubts resolved in favor of the non-moving party. *Murphy v. Reynoldsburg*, 65 Ohio St.3d 356, 358-59 (1992).

{¶ 10}  To be entitled to a writ of procedendo, a party must show a clear legal right to require the court to proceed, a clear legal duty on the part of the court to proceed, and the lack of an adequate remedy in the ordinary course of the law. *State ex rel. Sherrills v. Cuyahoga Cty. Court of Common Pleas*, 72 Ohio St.3d 461, 462 (1995). A writ of procedendo is proper when a court has refused to enter judgment or has unnecessarily delayed proceeding to judgment. *State ex rel. Crandall, Pheils & Wisniewski v. DeCessna*, 73 Ohio St.3d 180, 184 (1995).

{¶ 11} The writ of procedendo is merely an order from a court of superior jurisdiction to one of inferior jurisdiction to proceed to judgment. *State ex rel. Utley v. Abruzzo*, 17 Ohio St.3d 203, 204 (1985). It is well-settled that the writ of procedendo will not issue for the purpose of controlling or interfering with ordinary court procedure. *Id.,* citing *State ex rel. Cochran v. Quillin*, 20 Ohio St.2d 6 (1969).

{¶ 12} A direct appeal as of right constitutes a plain and adequate remedy in the ordinary course of the law, the existence of which is fatal to a request for the extraordinary remedy of procedendo. *Utley* at 204, citing *State ex rel. Cleveland v. Calandra*, 62 Ohio St.2d 121, 122 (1980).

{¶ 13} Upon review, the magistrate's decision contains no error of law or fact. We therefore adopt the findings of fact and conclusions of law. As a result, we grant respondent's motion for summary judgment and deny relator's request for a writ of procedendo.

*Motion for summary judgment granted;*
*Writ of procedendo denied.*

KLATT and DORRIAN, JJ., concur.

# A P P E N D I X

## IN THE COURT OF APPEALS OF OHIO

## TENTH APPELLATE DISTRICT

State of Ohio ex rel. David Elkins,            :

      Relator,            :

v.            :            No. 13AP-870

Judge David Fais,            :            (REGULAR CALENDAR)

      Respondent.            :

---

### M A G I S T R A T E ' S   D E C I S I O N

### Rendered on February 14, 2014

---

*David Elkins,* pro se.

*Ron O'Brien,* Prosecuting Attorney, and *Jeffrey C. Rogers,* for respondent.

---

### IN PROCEDENDO
### ON RESPONDENT'S MOTION FOR SUMMARY JUDGMENT

{¶ 14} In this original action, relator, David Elkins, an inmate of the Hocking Correctional Institution ("HCI") requests a writ of procedendo ordering respondent, the Honorable David Fais, a judge of the Franklin County Court of Common Pleas ("common pleas court"), to resentence him in compliance with this court's June 11, 2002 judgment in case No. 01AP-1069 regarding consecutive sentencing.

Findings of Fact:

{¶ 15} 1. On October 11, 2013, relator, an HCI inmate, filed this procedendo action.

{¶ 16} 2. On November 13, 2013, respondent moved for summary judgment.

{¶ 17} 3. On November 21, 2013, the court administrator issued notice that respondent's motion for summary judgment is set for submission to the magistrate on December 11, 2013.

{¶ 18} 4. On December 6, 2013, relator filed his written response to the motion for summary judgment.

{¶ 19} 5. Earlier, in common pleas court case No. 00CR-7245, a jury returned a verdict finding relator guilty of multiple felony offenses. On August 9, 2001, respondent held a sentencing hearing. On August 17, 2001, respondent filed his judgment entry.

{¶ 20} 6. Relator appealed the August 17, 2001 judgment to this court. The appeal was assigned case No. 01AP-1069. On June 11, 2002, this court issued its opinion and filed its judgment entry in case No. 01AP-1069. *State v. Elkins,* 148 Ohio App.3d 370, 2002-Ohio-2914*.* This court's judgment entry states:

> For the reasons stated in the opinion of this court rendered herein on June 11, 2002, and having overruled defendant's first, second, and fifth assignments of error, but having sustained defendant's third and fourth assignments of error to the extent indicated, it is the judgment and order of this court that the judgment of the Franklin County Court of Common Pleas is affirmed in part and reversed in part, and this cause is remanded to that court for resentencing only, consistent with said opinion.

{¶ 21} 7. On April 25, 2003, respondent held a resentencing hearing in case No. 00CR-7245 in response to this courts June 11, 2002 judgment. On April 30, 2003, respondent filed his judgment entry.

{¶ 22} 8. Relator appealed the April 30, 2003 judgment to this court. The appeal was assigned case No. 03AP-515. On February 24, 2004, this court issued its opinion in case No. 03AP-515. *State v. Elkins,* 156 Ohio App.3d 281, 2004-Ohio-842. On April 2, 2004, this court filed its judgment entry in case No. 03AP-515:

> For the reasons stated in the opinion of this court rendered herein on February 24, 2004, appellant's sole assignment of error is sustained to the extent that the case is remanded to the trial court for resentencing in regard to the length of the prison term, if any, to be imposed upon appellant for conduct demeaning to the seriousness of the offense. In doing so, the court should consider only the factor that appellant attempted

> to inflict serious injury on police officers while fleeing the crime scene. No further evidence should be taken in regard to this factor or any other factor. Therefore, it is the judgment and order of this court that the judgment of the Franklin County Court of Common Pleas is reversed, and this case is remanded to that court for further proceedings in accordance with law, consistent with this opinion.

{¶ 23} 9. On October 15, 2004, respondent held a resentencing hearing in case No. 00CR-7245 in response to this court's April 2, 2004 judgment. On April 13, 2005, respondent filed his judgment entry.

{¶ 24} 10. Relator appealed the April 13, 2005 judgment to this court. The appeal was assigned case No. 05AP-480. On March 9, 2006, this court filed its judgment entry in case No. 05AP-480:

> Defendant-appellant, David Elkins, appeals from the judgment of the Franklin County Court of Common Pleas on his felony convictions. Specifically, in his first and second assignments of error, appellant challenges the validity of his prison sentences. Recognizing that the trial court sentenced appellant on an unconstitutional statute, R.C. 2929.14(D)(3)(b), we sustain appellant's first and second assignments of error on the authority of *State v. Foster,* ___ Ohio St.3d ___, 2006-Ohio-856. Accordingly, we reverse the judgment of the Franklin County Court of Common Pleas and remand this cause to the trial court for resentencing pursuant to *Foster.*

{¶ 25} 11. On June 14, 2006, respondent held a resentencing hearing in case No. 00CR-7245 in response to this court's March 9, 2006 judgment entry. On June 23, 2006, respondent filed his judgment entry.

{¶ 26} 12. Relator did not timely appeal respondent's June 23, 2006 judgment entry to this court.

{¶ 27} 13. On March 26, 2013, relator filed a motion in common pleas court case No. 00CR-7245. The motion was captioned: "Motion Requesting Mandatory Hearing For Final Appealable Order."

{¶ 28} 14. On April 22, 2013, respondent filed an entry denying relator's March 26, 2013 motion.

{¶ 29} 15. On May 28, 2013, relator filed a notice of appeal in this court from the April 22, 2013 entry of respondent. The appeal was assigned case No. 13AP-445. On August 23, 2013, this court filed its journal entry of dismissal in case No. 13AP-445.

{¶ 30} 16. On September 10, 2013, pursuant to App.R. 5, relator moved this court for leave to file a delayed appeal from common pleas court case No. 00CR-7245. Relator's September 10, 2013 motion was assigned case No. 13AP-780.

{¶ 31} 17. On December 6, 2013, this court filed its journal entry of dismissal in case No. 13AP-780.

Conclusions of Law:

{¶ 32} It is the magistrate's decision that this court grant respondent's motion for summary judgment.

{¶ 33} Summary judgment is appropriate when the movant demonstrates that: (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, said party being entitled to have the evidence construed most strongly in his favor. *Turner v. Turner*, 67 Ohio St.3d 337, 339-40 (1993); *Bostic v. Connor*, 37 Ohio St.3d 144, 146 (1988); *Harless v. Willis Day Warehousing Co.*, 54 Ohio St.2d 64, 66 (1978). The moving party bears the burden of proving no genuine issue of material fact exists. *Mitseff v. Wheeler*, 38 Ohio St.3d 112, 115 (1988).

{¶ 34} In the last paragraph of his complaint, relator presumably sets forth his demand for relief:

> For all the foregoing reasons, David Elkins requests this court to issue a Writ of Procedendo compelling respondent, Judge David Fais to hold a sentencing hearing in compliance with Ohio law, and this Court's June 11, 2002 judgment, addressing, consecutive sentencing. In addition, Mr. Elkins hereby request this Court to have his sentence reviewed by a sitting Judge. Judge Fais has had four opportunities to get this right and has refused.

{¶ 35} In his response to respondent's motion for summary judgment, relator states:

> The Respondent blatantly refuses to obey this Court, not once—but time after time, which has prompted my four appeals which the Respondent terms as "a continuing trend". Respondent argues that I have to establish that Respondent has a clear legal duty to act. The simple fact is the Respondent Judge has the duty to obey (or act) this Court's mandates. When he refuses to do so, even after several appeals to this Court, then the **ONLY** remedy at law is a Petition of Procedendo.

(Emphasis sic.)

{¶ 36} A writ of procedendo is merely an order from a court of superior jurisdiction to one of inferior jurisdiction to proceed to judgment. *State ex rel. Utley v. Abruzzo,* 17 Ohio St.3d 203, 204 (1985). A writ does not in any case attempt to control the inferior court as to what that judgment should be. *Id.* A writ of procedendo will not issue where an adequate remedy exists in the ordinary course of law. *Id.*

{¶ 37} It is axiomatic that a direct appeal as of right constitutes a plain and adequate remedy in the ordinary course of law. *Id.*

{¶ 38} Here, relator had a direct appeal as of right to this court from respondent's June 23, 2006 judgment entry. Relator failed to timely appeal the judgment. The availability of a direct appeal as of right from the June 23, 2006 judgment is a plain and adequate remedy in the ordinary course of the law that bars this original action for a writ of procedendo. *Id.*

{¶ 39} Accordingly, it is the magistrate's decision that this court grant respondent's motion for summary judgment and deny relator's request for a writ of procedendo.


/S/ MAGISTRATE
KENNETH W. MACKE

**NOTICE TO THE PARTIES**

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b).