[Cite as *State ex rel. Aguirre v. Doherty*, 2018-Ohio-3843.]

# IN THE COURT OF APPEALS

## ELEVENTH APPELLATE DISTRICT

## PORTAGE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO ex rel. JAIME AGUIRRE, | : | **PER CURIAM OPINION** |
| Relator, | : | |
| - vs - | : | **CASE NO. 2017-P-0100** |
| JUDGE BECKY DOHERTY,<br>PORTAGE COUNTY, OHIO, | : | |
| | : | |
| Respondent. | | |

Original Action for Writ of Procedendo.

Judgment: Petition dismissed.

*Jaime Aguirre*, pro se, PID: A602-208, Marion Correctional Institution, P.O. Box 57, 940 Marion-Williamsport Rd., Marion, OH 43301 (Relator).

*Victor V. Vigluicci*, Portage County Prosecutor, and *Denise L. Smith*, Chief Assistant Prosecutor, 241 South Chestnut Street, Ravenna, OH 44266 (For Respondent).

PER CURIAM.

{¶1} This action in procedendo is presently before this court for consideration of the motion to dismiss filed by respondent, Judge Becky Doherty. Relator, Jaime Aguirre, has not filed a reply.

{¶2} Relator filed in this court a "Complaint in Procedendo" on December 27, 2017, requesting the following relief:

> Plaintiff respectfully requests that a Writ of Procedendo be issued, directing Defendant to sustain Plaintiff's uncontested ***Motion for***

***Return of Personal Property*** and ***Motion for Summary Judgment***, ordering the Brimfield Police Department to compensate him for the loss of his property both real and monetary at fair market value, as provided to him by law.

{¶3} On January 19, 2018, this court issued an alternative writ, ordering respondent to file an answer or dispositive motion in response. After respondent failed to respond, on April 24, 2018, respondent was ordered to show cause why this court should not enter default judgment in favor of relator. On June 1, 2018, respondent filed a motion to dismiss.

{¶4} In the motion to dismiss, respondent maintains relator's petition should be dismissed as moot because an evidentiary hearing was scheduled on his "Motion to Return Personal Property," and respondent and his attorney were properly notified of the hearing.

{¶5} A writ of procedendo is an order from a court of superior jurisdiction to a court of inferior jurisdiction to proceed to judgment. *State ex rel. Utley v. Abruzzo*, 17 Ohio St.3d 203, 204 (1985), quoting *State ex rel. Davey v. Owen*, 133 Ohio St. 96, 106 (1937). "The writ tells the lower court to rule on a motion, but does not tell that court how to rule." *State ex rel. Sponaugle v. Hein*, 2d Dist. Darke No. 16 CA 00007, 2017-Ohio-1210, ¶12, citing *State ex rel. Morgan v. Fais*, 10th Dist. Franklin No. 14AP-910, 2015-Ohio-1514, ¶4; *see also Utley, supra*, at 204 ("the writ of procedendo will not issue for the purpose of controlling or interfering with ordinary court procedure").

{¶6} "As a general proposition, the issuance of such a writ is only deemed proper when the lower court has simply refused to proceed on the pending matter or has engaged in an inappropriate delay in rendering its final judgment." *State v. Gotel*, 11th Dist. Lake No. 2009-L-022, 2009-Ohio-1148, ¶3, citing *State ex rel. Miley v. Parrott*, 77

2

Ohio St.3d 64, 65 (1996). "[T]he merits of a claim in procedendo will be considered moot when the judicial officer had already completed the precise act which the relator sought to compel." *Davis v. Smalheer*, 11th Dist. Geauga No. 2010-G-2982, 2010-Ohio-6061, ¶5, citing *Perry v. McKay*, 11th Dist. Trumbull No. 2009-T-0023, 2009-Ohio-5767, ¶16.

**{¶7}** Here, a writ of procedendo will not issue for the purpose of ordering the lower court how to rule on the motions at issue. However, to the extent relator requests this court to order respondent to rule on the motions, the petition is now moot.

**{¶8}** The "Motion to Return Personal Property" was filed on March 11, 2016. In that motion, relator requested the trial court order the return of his personal property that was seized by the state or "full compensation" in lieu of the property. A motion for summary judgment was subsequently filed on September 19, 2016. In that motion, relator requested the trial court order "just compensation" for the same personal property that was the subject of the March 11, 2016 motion. On June 22, 2018, a hearing was held on relator's March 11, 2016 motion, and on August 3, 2018, the trial court filed a judgment entry ruling on that motion. Accordingly, with regard to relator's March 11, 2016 motion, the petition is moot.

**{¶9}** Further, because the March 11, 2016 motion and relator's September 19, 2016 motion for summary judgment pertain to the same property, disposition of the March 11, 2016 motion renders the motion for summary judgment moot.

**{¶10}** Respondent's motion to dismiss is granted.

**{¶11}** Relator's "Complaint in Procedendo" is hereby dismissed.

THOMAS R. WRIGHT, P.J., TIMOTHY P. CANNON, J., COLLEEN MARY O'TOOLE, J., concur.

3